(No. 21690.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Petitioner, *vs.* EDMUND K. JARECKI, County Judge, Respondent.

*Opinion filed April 22, 1933.*

THOMAS J. COURTNEY, State's Attorney, JAMES F. CLANCY, and WALTER E. JOHNSON, (JOHN E. PEDDERSON, LOUIS H. GEIMAN, and HAYDEN N. BELL, of counsel,) for petitioner.

SCOTT, MACLEISH & FALK, (LESTER L. FALK, and ROBERT S. CUSHMAN, of counsel,) for respondent.

Mr. Justice Jones delivered the opinion of the court:

This is an original petition for *mandamus* filed in this court by the People, on the relation of Joseph B. Mc-Donough, county treasurer and *ex-officio* collector of Cook county, against the Hon. Edmund K. Jarecki, judge of the county court of Cook county, respondent. A joint hearing was had before said judge upon objections filed by a large number of objectors to the collector's application for a judgment and order of sale for delinquent taxes for the year 1928. It is sought to compel respondent to certify, sign and place on file a bill of exceptions or stenographic report of such hearing.

The petition alleges that the objectors named therein filed fifty-two sets of objections to the application for judgment; that the objections were based on an increase in valuation of their property by the board of review over that fixed by the board of assessors; that the objections were jointly tried at one time; that upon the trial the court on March 7, 1932, made a general verbal finding sustaining the objections "as to everything over and above the valuations as fixed by the board of assessors;" that thereupon counsel for the relator stated that he wished to make the usual motions, and the court said: "And the motion for new trial is entered and overruled. Motion in arrest of judgment overruled. Judgment on the finding. Appeal prayed and allowed;" that sixty days was agreed upon and fixed as the time for filing the bill of exceptions; that the clerk's minute book shows the following entry: "1566 to 1597—Monday, March 7th, '32. Judge Jarecki. Objections sustained. J. R. as to all over board of assessor's valuation. Motion new trial and motion arrest judgment overruled and judgment on the finding. Appeal prayed and allowed. Bill ex. 60 days. Order final judgment see ord.;" that on the motion book of the court there appears the following entry, dated April 6, 1932: "1928 tax objections 1566-1597—Mo. to enter judgment orders *nunc pro tunc* as

of March 7, 1932.—Scott, MacLeish & Falk;" that on April 6 written orders of final judgment in objections 1566 to 1597 were presented to and signed by the court and entered by the clerk as of March 7, 1932; that on June 16 written judgments in the cases of the other twenty-one objectors were signed by the court and entered by the clerk as of March 7, 1932; that on May 11, 1932, the petitioner presented a bill of exceptions or stenographic report of the joint trial, but the judge refused to certify, sign or place the same on file on the ground that he had lost jurisdiction in the premises, and still so refuses, and that there is now unpaid on some of the property involved, certain amounts due on the assessments made by the board of assessors. It is stated that "J. R." in the clerk's minute book means "judgment refused."

Respondent's pleas aver that the sixty-day leave granted relator on March 7 in which to file a bill of exceptions expired May 6; that the bill of exceptions was not presented until May 11 and that the time allowed for filing was not extended within the sixty-day period; that the orders signed on April 6 were not intended to and did not extend the time for filing a bill of exceptions; that relator appearing before respondent on May 7, stated that said sixty-day period expired on that date, and asked for an extension of four days in which to file a bill of exceptions; that due to the enormous number of tax objections filed and heard in Cook county, it is, and has been for many years, the custom to prepare the written orders after the date judgment is pronounced and to have them entered as of the date of the pronouncement; that respondent and relator understood and intended respondent's pronouncement on March 7 to be a pronouncement of final judgment and that the orders signed thereafter merely expanded it; that the only taxes objected to were the increases occasioned by the board of review in excess of the valuations fixed by the board of assessors; that the pronouncement of respondent on

March 7 and the subsequent written orders related only to such increases, and that the written orders signed June 16 were prepared and presented by relator to respondent and any errors therein relating to unpaid taxes were caused by relator.

Each of the several judgments provided for a sixty-day period in which to file a bill of exceptions, and it is relator's contention that such period commenced when the amplified judgments were signed and not on the day of the judge's pronouncement and the entry upon the clerk's minute book. He further contends that the pronouncement of the court on March 7, 1932, was an interlocutory and not a final judgment, because (a) the finding related only to the objections and did not purport to determine whether or not a judgment for sale should be entered, and (b) there is not a sufficient finding of facts in the pronouncement to authorize a final judgment.

A bill of exceptions must be taken at the term when the rulings excepted to are made or within such time as the court may at that term grant for the purpose. (*Finch & Co.* v. *Zenith Furnace Co.* 245 Ill. 586; *City of Chicago* v. *Hulbert,* 235 id. 204.) A judgment at law becomes effective as soon as it is pronounced by the court. In the nature of things a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc.* (Black on Judgments, sec. 106.) It dates from the time it was pronounced and not from the time it was entered upon the record by the clerk. (*Chicago Great Western Railroad Co.* v. *Ashelford,* 268 Ill. 87; *Forest Preserve District* v. *Kean,* 303 id. 293.) The rendition of the judgment is the act of the court and can ordinarily be proved only by the record. The judg-

ment exists, however, from the time the court acts, even though it has not been formally written by the clerk. The statute contemplates that judgments, decrees and orders may not be immediately entered of record. (Smith's Stat. 1931, chap. 25, secs. 14, 15.) Judicial notice is taken that the record is frequently not enrolled during the term at which an order is made or judgment rendered. (*People* v. *Petit,* 266 Ill. 628.) The time allowed for filing a bill of exceptions runs from the effective date of the judgment, which in this case was March 7, 1932.

The judgment of March 7, 1932, was intended to be final and was so treated by both relator and respondent. Objections 1566 to 1597 showed that all taxes, except those based upon the increase objected to, had been paid. The judgments could therefore be expanded without further testimony. If there was any error in entering judgments as to the other property objected for, that error was invited by relator. He prepared the orders and presented them to the judge for signature. The orders expressly provided that they should be entered *nunc pro tunc* as of March 7, 1932. He cannot complain of what he induced the respondent to do. *Western Springs Park District* v. *Lawrence,* 343 Ill. 302; *Chicago Union Traction Co.* v. *Lundahl,* 215 id. 289.

The time for filing a bill of exceptions expired May 6, 1932. None was tendered within that time. Therefore the respondent properly refused to sign one presented to him on May 11, 1932. The allegations of the petition are not sufficient to require a writ of *mandamus* to issue. Relator's demurrer to respondent's pleas is carried back and sustained to the petition, and the writ is denied.

*Writ denied.*