**Janina Antczak, Plaintiff-Appellee, v. Joseph Antczak, Defendant-Appellant.**

**Gen. No. 50,099.**

First District, First Division.

July 30, 1965.

Stanley Stoller, of Chicago, for appellant.

Harold Aling and Eugene Lieberman, of Chicago (Eugene Lieberman, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant Joseph Antczak appeals from an order dismissing an amended petition filed under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72) wherein he sought to vacate a divorce decree entered approximately eight years prior thereto.

The record discloses that plaintiff, Janina Antczak, filed her complaint for divorce November 1, 1955 alleging that she was a resident of Chicago, Cook County, Illinois; that the parties were married in Brunschweig, Germany on March 21, 1951, lived and cohabited as husband and wife until September 20, 1955, and as issue of said marriage had two children, viz: John R., aged 4 years, and Joseph R., aged 2 years. She charged cruelty and prayed the marriage be dissolved; that she have custody of the children, and that defendant pay alimony and support. An order "OK'd" by counsel for plaintiff and an "attorney for defendant" was entered November 8, 1955 requiring defendant to pay temporary support and attorney's fees. Defendant's formal appearance by counsel was entered December 1, 1955.

On December 6, 1955, "this matter coming on to be heard upon the petition of defendant, Joseph Antczak, to modify the order for temporary support heretofore on November 8, 1955 and the court having heard the testimony of the parties hereto," modified the previous order.

Thereafter an answer was filed by the attorney on behalf of defendant wherein the jurisdiction, marriage, separation and the alleged issue of said marriage were admitted. The charges of cruelty were denied. A stipulation was then entered into by the parties "through their respective attorneys" that the matter be heard upon complaint and answer as a default matter.

The divorce decree in question "approved as to form by counsel" was entered on February 16, 1956. It was predicated upon a default hearing had in accordance with the stipulation and testimony of witnesses, "the defendant appearing by counsel." The decree recited that the court had jurisdiction of the parties and of the subject matter; that the parties lived and cohabited together as husband and wife; that two sons were born to them as issue of said marriage; that the parties mutually agreed and did waive all claims in and to property of the other; and provided that plaintiff have sole custody of John R.; that the sole custody of Joseph R. be given to defendant, and that he pay for the support of John R. Plaintiff's attorney's fees were paid in open court by counsel for defendant and were satisfied of record.

Following entry of the decree, rules to show cause were entered against defendant for failure to comply with the support order.

On April 24, 1964, in an answer to one of these rules, defendant charged that he was not legally liable for the payment of the support "because since the entry of the final decree he has come into possession of evi-

dence which proves that he is NOT the father of the minor child, John R. Antczak." He also alleged that the second child Joseph R. was not his issue and that, in fact, he never had sexual relations with plaintiff.

On June 19, 1964, defendant filed a section 72 petition, the legal sufficiency of which was attacked, and the petition was stricken. Defendant then filed the instant amended petition. The court sustained plaintiff's motion to strike and dismissed this petition. Defendant appeals.

The amended petition to vacate the final decree of divorce alleged fraud in that plaintiff committed perjury upon the court by falsely testifying that defendant was the father of the two children; that the testimony of her one witness at the default hearing was hearsay and inadmissible; that counsel who had been obtained by defendant did not speak the foreign language of the defendant and therefore they could not understand or communicate with each other; that the attorney entered the stipulation without consulting defendant; that the parties never had sexual relations and both children were the result of plaintiff's adulterous conduct, which circumstances she concealed from the court. The petition further alleged that defendant kept custody of the child, Joseph, only out of compassion and that it was only after the entry of the decree that he obtained the names of the persons who allegedly fathered the children.

█ The parties do not question the finality of the divorce decree. Being final in nature it has the same force and effect as a conclusive adjudication after thirty days from its rendition. It may be set aside or vacated after such thirty days only in the same case, to the same extent, and by the same modes of proceeding as under the law prior to the Civil Practice Act it might have been set aside or vacated after the

409

term of court at which it was rendered. (Ill Rev Stats 1963, c 77, § 82.)

Defendant's instant petition filed after thirty days from the rendition of the decree, in fact filed more than eight years after the decree was entered, is a collateral attack on the decree. Barnard v. Michael, 392 Ill 130, 63 NE2d 858 (1945). In treating the subject of collateral attack, the court, in Anderson v. Anderson, 4 Ill App2d 330, 124 NE2d 66 (1955), on page 344, said: "In case of a collateral attack on a decree of a court of record, a court of general jurisdiction, all presumptions are in favor of the validity of the decree; when acting within the scope of its authority it is presumed to have jurisdiction to enter the decree until the contrary appears; nothing is presumed to be without its jurisdiction which does not specially appear to be so; want of jurisdiction to enter the same must affirmatively appear on the face of the record to furnish a basis for collateral attack; it can be attacked collaterally only by the record itself, such cannot be shown aliunde the record, its records import verity, and the 'record' consists only of the pleadings, process, verdict, judgment or decree, and does not include the evidence, certificate of evidence, or bill of exceptions (citing authorities)."

Defendant contends that the divorce decree is void since it was procured through fraud perpetrated on the court by plaintiff for the purpose of obtaining jurisdiction. A void judgment may be set aside at any time by motion or petition. Hustana v. Hustana, 22 Ill App2d 59, 159 NE2d 265 (1959); Ill Rev Stats 1963, c 110, § 72(7). But the general rule is that judgments and decrees, final in nature, are not subject to collateral attack for want of jurisdiction unless it appears from the record itself that the court was without jurisdiction to render the judgment or decree.

410

From the record it appears that defendant was personally served, filed appearance and answer by counsel, stipulated to have the cause heard as a default matter, and was represented by counsel at the hearing. The Divorce Act (Ill Rev Stats 1963, c 40, § 1) delineates the cases of divorce allowed by the Act. Section 1 thereof provides that it shall be lawful for the injured party to obtain a divorce and dissolution of the marriage contract where the other party has, among other things, been guilty of "physical cruelty."

 The complaint alleged the requisite jurisdictional facts, the marriage, that children were born to the parties during the period of the marriage, and that defendant was guilty of physical cruelty. Defendant's answer admitted the validity of the marriage, the fact that the children were born to the parties, and the jurisdiction of the court to enter the decree. On the basis of the record it affirmatively appears that the court had jurisdiction to proceed to a determination of the cause on the issues drawn. A court of equity will vacate a decree after the expiration of thirty days where fraud has intervened in its rendition, but the fraud, to be a basis for relief, must be of that character which prevents the court from acquiring jurisdiction or which merely gives the court colorable jurisdiction. A court of equity will not, when its decree is questioned upon collateral attack, vacate the same for such fraud as charged here occurring in the proceedings after jurisdiction had been obtained. Barnard v. Michael, 392 Ill 130, 63 NE2d 858.

It also appears that the matter here relied upon to render the decree void, that is, that plaintiff was guilty of adultery, and that the two children born during the marriage were not fathered by defendant, all of which plaintiff has allegedly concealed from the court, do not appear from an inspection of the record. If the matters now relied upon are true, particularly

defendant's assertion that he never had sexual intercourse with his wife during the period of their marriage, then such was within his knowledge at the time of the divorce proceedings, and he must be held to have deliberately committed a fraud upon the court by concealing them. He cannot now be permitted to raise a question of the court's jurisdiction of the subject matter in a collateral proceeding as to matters not appearing of record, where he had an opportunity to present the question in the divorce proceeding and which he now raises for the first time.

Defendant seeks this relief by way of section 72 of the Civil Practice Act. Under this provision the petition must be filed not later than two years after the entry of the order, judgment or decree. Time during which petitioner seeking the relief is under duress or the ground for relief is fraudulently concealed shall be excluded in computing the two year period. (Ill Rev Stats 1963 c 110, § 72(3).) Defendant contends that up to the present time plaintiff had concealed the paternity of the children. He admits that he was always suspicious of his wife's adulterous conduct, but never had the proof nor was he able to communiicate with his attorney and that mere suspicion is not proof admissible in a court proceeding.

The fraud alleged by defendant did not affect the jurisdiction of the court and did not prevent him from appearing or making such defense. The concealment which will toll the operation of a statute of limitations must be affirmative in character, designed to prevent, and which does, in fact, prevent the discovery of the cause of action or defense. Nogle v. Nogle, 53 Ill App2d 457, 202 NE2d 683 (1964). Defendant cites no authority nor can we find any, that hold that a statute of limitations is tolled until such time as a party believes he may prove a cause of action or a defense.

412

■■■■■ Section 72 is not intended to relieve a party of consequences of his own negligence. Defendant was not without negligence, having failed to raise the questions argued here regarding matters of which, if true, he had or should have had full knowledge at the time the decree was rendered. Mere silence of one liable does not amount to fraudulent conduct. Errors of fact, such as giving false testimony or fraud which did not prevent a party from asserting a valid defense, cannot be reached by petition under section 72. Bickson v. Bickson, 35 Ill App2d 360, 183 NE2d 16 (1962); Matson v. Holliday, 25 Ill App2d 90, 165 NE2d 718 (1960); Sugden v. Sugden, 41 Ill App2d 137, 190 NE2d 374 (1963); Riddle v. Riddle, 23 Ill App2d 260, 161 NE2d 866 (1959).

In passing upon the claim that an attorney was negligent the court, in Matson, said: "We have, heretofore detailed the several particulars in which plaintiff claims her attorney was negligent in handling the trial of her case. Section 72 was not intended to relieve a party of the consequences of his own negligence. (Citations omitted.) This includes incompetency of counsel. People v. Gleitsman, 396 Ill 499, 72 NE2d 208."

■■■■ Litigation must come to an end and finality must attach to an order, judgment or decree. Where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he should take the consequences when judgment is entered against him. Such demand increases with the passage of time.

For the reasons indicated the judgment of the trial court in denying defendant's amended petition was proper and it is therefore affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.