**Anthony Urso, Plaintiff-Appellant, v. Reynolds Metals Company, Defendant-Appellee.**

**Gen. No. 51,717.**

First District, Third Division.

February 29, 1968.

Rehearing denied and supplemental opinion June 27, 1968.

 █ 

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel), for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Bernard E. Harrold and John W. Kearns, Jr., of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

On February 23, 1960, plaintiff filed suit to recover for injuries sustained when he slipped and fell on defendant's premises. Interrogatories were propounded to plaintiff on July 11, 1961, but he failed to answer them and has not done so to this date. Defendant filed a motion to dismiss the suit and on October 9, 1961, after due notice the motion was presented to the trial court. Plaintiff did not appear and the court entered an order requiring him to answer the interrogatories by November 8, 1961. The motion for dismissal was continued until that date, was continued twice more and was eventually heard on January 22, 1962, at which time an order was entered dismissing the suit. Plaintiff took no action until four years later when, on February 10, 1966, he petitioned the court to vacate the order of dismissal. The petition was denied and plaintiff appeals.

Plaintiff contends that the hearing of January 22, 1962, was held without proper notice and that the order was therefore void and that as a void order it was subject to collateral attack at any time.

On October 9, 1961, when the motion to dismiss the case for plaintiff's failure to answer interrogatories came on to be heard pursuant to notice, the following order was entered:

"On motion of Reynolds Metals Company, by its attorneys, Kirkland, Ellis, Hodson, Chaffetz & Masters, for an order dismissing this case, arguments having been heard, and the Court being advised;

"It is hereby ordered that the interrogatories heretofore served on plaintiff, Anthony Urso, by defendant be answered on or before November 8, 1961, and this motion is entered and continued to November 8, 1961, at 11:00 A.M."

On November 8th the matter came up again and was continued to December 13, 1961. Although no order of continuance appears in the record, the Chicago Daily Law Bulletin shows that the matter was set for hearing on December 13, 1961. The motion was continued once more, from December 13 to January 22, 1962. The parties disagree with respect to the circumstances surrounding the final continuance. Defense counsel states by affidavit that the attorney in charge of the case for plaintiff called him on December 13, 1961, and asked for a final continuance in order to answer the interrogatories. Plaintiff's attorney denies having any recollection of the call and states that if he did speak to anyone, he would either have had a recollection of it or a note in his diary or message book.

The order granting the final continuance does not appear in the record, but once again the Law Bulletin correctly showed the case as set for hearing on the con-

253

tested motion call for January 22, 1962, and on that date the trial court entered the following order dismissing the suit:

> "On motion of Reynolds Metals Company, by its attorneys, Kirkland, Ellis, Hodson, Chaffetz & Masters, for an order dismissing this case, arguments having been heard, and the Court being fully advised;
>
> "IT IS HEREBY ORDERED that this case is dismissed with prejudice, plaintiff shall take nothing by this action, and Reynolds Metals Company shall go hence without day."

Plaintiff's attorney as hereinbefore noted made no attempt to vacate the order of dismissal until February 10, 1966, some four years after its entry. At that time he filed his petition to vacate, alleging that the order of dismissal was void. Notwithstanding the fact that the order recites that arguments were heard by the court, he contends that it was *"apparently* ex parte for the reason that the cause should not have been heard on January 22, 1962, and there was no notice of any hearing to be held that date." (Emphasis added.)

 The question is whether or not the petition presented grounds for relief since it was filed more than four years after judgment was entered. Section 72 of the Civil Practice Act, Ill Rev Stats, c 110, § 72 (1967), the most liberal remedy provided for attacking the validity of a judgment, has a limitation of two years, except in the case of void orders. It is plaintiff's theory that the order of dismissal was void and hence vulnerable to attack at any time. His basis for attacking the validity of the order is somewhat nebulous. The court ordered plaintiff to answer the interrogatories within a specified time. The court had the authority to dismiss the action in the event that plaintiff failed to comply. Ill Rev Stats, c 110, § 101.19–12(3) (1965); Chavez v. Elgin, J. & E. Ry. Co., 32 Ill App2d 68, 176 NE2d 664.

The order of dismissal was a written order, duly spread of record and clear in its terms. Plaintiff was aware of defendant's motion and had every opportunity to appear and prevent dismissal of the suit. According to the order, both parties did appear and the order is presumptively valid. The party seeking to vacate such a judgment must assume the burden of proving facts essential to entitle him to the relief sought. Antczak v. Antczak, 61 Ill App2d 404, 209 NE2d 838. The plaintiff is not entitled to relief unless there was insufficient notice and he did not in fact appear at the hearing. Counsel at no time alleges that the hearing of January 22, 1962, was ex parte. The strongest statement in the petition is that the order was *apparently* rendered ex parte because the orders of continuance do not appear in the record. The presumptive validity of a court order and the recitation of proceedings therein cannot be overcome by the naked allegation that the proceedings were apparently conducted otherwise than as described. It is for the party seeking to vacate an order to prove that the proceedings were not conducted in the manner recited, and the plaintiff has failed to produce such proof.

 In his reply brief counsel states that the parties were in complete agreement that no one from plaintiff's attorney's office appeared or argued on January 22, 1962, and that the words, "arguments having been heard," were merely part of a form order. This argument does not amount to a specific denial by counsel of his presence at the hearing, but assuming that no one representing plaintiff was present, he must still prove that there was a break in the chain of notice. Defendant contends that the continuances were granted by order of court and that it was the practice of the trial court to continue contested motions without a written order entered and placed in the file. At common law an order was effective from the time it was pronounced by the court, People v. Jarecki, 352 Ill 207, 185 NE 570, and the

court clerk was then required to enter the ruling of record. Chicago Great Western R. Co. v. Ashelford, 268 Ill 87, 108 NE 761. Under current court practice the submission and entry of written orders is now used in law as well as chancery, but law courts still possess the power to issue full binding oral orders.

 Assuming further that the orders of continuance were oral, some memoranda must have been made and recorded because the Law Bulletin was able to find a record of the continuances and to correctly prepare the contested motion calls on the dates in question. Since the continuances were granted by court orders for specific dates, no further notice was required.

Paragraph 6 of the petition avers:

> "That your plaintiff and his attorneys have at all times been ready to try this case and are ready to answer whatever interrogatories are necessary and they have not been negligent in the handling of the above entitled cause."

Plaintiff could have prevented the dismissal by answering the interrogatories at any time from July 11, 1961, to January 22, 1962, but failed to do so. Counsel explains that he was unable to answer within the allotted time because he could not locate his client. Thus we have a plaintiff who for at least four years displayed no interest in his case and a lawyer who made no check of the files in that period. An annual review and check of his calendar would have revealed that the case had been dismissed. A two year review would have enabled him to seek a remedy under section 72. Counsel states that he put his office file aside awaiting trial and forgot about the motion concerning interrogatories. He now seeks relief from a presumptively valid court order on the basis of his own recollection of events. In the present condition of the calendar, every case we send back for retrial means added delay for another litigant.

■ Plaintiff failed to prove that the order of dismissal was void, and the trial court properly refused to vacate the order. The order is affirmed.

Order affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

We have withheld our ruling on the petition for rehearing in this case pending the decision of the Illinois Supreme Court in Esczuk v. Chicago Transit Authority, 39 Ill2d 457, 236 NE2d 719 (petition for rehearing denied). In the Esczuk case the court affirmed an order of the trial court denying the plaintiff's petition to reinstate an action which had been dismissed for want of prosecution. The petition in that case was filed approximately nineteen months after the order of dismissal and alleged that the plaintiff failed to appear for a pretrial conference due to "mere inadvertency or excusable neglect." Although the petition was filed within the two year limitation set forth in section 72 of the Civil Practice Act, the court held that the facts alleged in the petition failed to show such fraud, mistake or fundamental unfairness as would justify a collateral attack on a final judgment nineteen months after its rendition.

In the instant case the section 72 petition was filed four years after the order of dismissal, a period far in excess of the statutory limit of two years and of the nineteen-month period which had elapsed in the Esczuk case. As we noted in our opinion, the delay could have been prevented by an annual review of the files. Plaintiff could also have prevented the dismissal in the first instance by answering the interrogatories propounded

257

by the defendant or by keeping track of the pending motion to dismiss.

The facts alleged in the instant case do not show such fraud, mistake or fundamental unfairness as would justify a collateral attack on a final judgment *four years* after its rendition.

Petition for rehearing denied.