**Kathryn Weiner, Plaintiff-Appellee, v. Checker Taxi Company, Inc., Defendant-Appellant.**

Gen. No. 53,263.

First District, Third Division.

May 21, 1970.

Peter Fitzpatrick and George Kaye, of Chicago (Fitzpatrick & Kaye, Jesmer & Harris, of counsel), for appellant.

Howard W. Minn and Jack Krause, of Chicago (Melvin B. Lewis, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court.

Defendant Checker Taxi Co., Inc. appeals from an order of the Circuit Court entered on April 15, 1968, which vacated an order entered on July 28, 1964, dismissing plaintiff's complaint.

On May 7, 1964, plaintiff, a resident of Wisconsin, filed a complaint for personal injuries against defendant. The complaint designated Donald R. Hunter and Reuben J. Liffshin as plaintiff's counsel, and the only address listed for them was 111 West Washington Street, Chicago. That was Liffshin's address. Donald R. Hunter was a Wisconsin attorney practicing in Milwaukee, and he did not have an office or mailing address in Chicago. On June 9, 1964, defendant filed a written motion to dismiss the complaint because plaintiff, a nonresident of Illinois, had not posted a security for costs bond as required

by statute. Ill Rev Stats, c 33, § 1 (1963). The supporting affidavit filed by counsel for defendant stated that he had full and complete knowledge of the pleadings and documents in the cause, that plaintiff was a resident of Wisconsin and had not filed a security for costs bond. Notice of this motion was sent to Hunter and Liffshin at the Washington Street address and the notice indicated that the motion would be heard on June 23, 1964. The motion was actually presented to the trial court on June 24. When plaintiff's counsel did not appear, the trial judge telephoned Liffshin and then set the hearing for June 25. Meanwhile Liffshin had moved the court for leave to withdraw his appearance "as associate counsel for the plaintiff." Notice of that motion was served upon counsel for defendant on June 18, but notice was not served upon Hunter or plaintiff. The motion to withdraw was also set for June 25, and on that day the court entered an order granting leave to the firm of Immenhausen and Liffshin to withdraw as counsel for plaintiff. The court did not rule on defendant's motion to dismiss, but ordered plaintiff to file security for costs within ten days. On July 17, 1964, counsel for defendant again moved for dismissal of the complaint for plaintiff's failure to file the security of costs bond as ordered by the court. Notice of that motion was given by mailing a copy to "Donald R. Hunter, 111 West Washington Street, Chicago, Illinois." On July 28, 1964, the court struck plaintiff's complaint and dismissed the cause of action.

On July 20, 1964, Howard W. Minn, a Chicago attorney, filed a security for costs on behalf of plaintiff. Although this bond was filed more than 10 days after the order was entered, Minn did not obtain leave of court nor did he give defendant any notice of the filing of the security for costs.

In February 1968, some three and one-half years after the complaint had been dismissed, plaintiff moved to

vacate the order of dismissal and to place the case on the trial calendar. In the motion, plaintiff stated that she was unaware that her complaint had been dismissed until February 1, 1968. The sworn petition went on to state that Hunter was licensed to practice law in Wisconsin; that Hunter never had a mailing address in Chicago, but that he had engaged Liffshin as local counsel in the case; that all medical reports and bills incurred by plaintiff had been forwarded by the writers to Hunter at his address in Milwaukee, and that he had forwarded copies to defendant from Milwaukee prior to the order of dismissal; that all notices of motion were sent to plaintiff at 111 West Washington Street in Chicago; that as a result, it was impossible for Hunter to receive any notice at that address. On April 15, 1968, the court vacated the order of dismissal and placed the cause back on the trial calendar.

Defendant on this appeal contends that the trial court erred in vacating the order of dismissal because plaintiff's motion was not filed within the two years allowed by law and because plaintiff did not show diligence.

█ The time to apply for relief after judgment is limited to two years under section 72 of the Civil Practice Act. Ill Rev Stats 1967, c 110, § 72(3). However section 72(7) provides as follows:

> "Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

Thus it is well settled that a void judgment may be set aside at any time. Reynolds v. Burns, 20 Ill2d 179, 170 NE2d 122 (1960) ; Martin v. Schillo, 389 Ill 607, 60 NE2d 392 (1945). In Parker v. Board of Trustees of Southern Illinois University, 74 Ill App2d 467, 220 NE2d 258 (1966), the court stated at p 469:

"It is the established law in Illinois that a judgment rendered by a court having jurisdiction of the parties and the subject matter is not open to impeachment in any collateral action, except for fraud in its procurement; and, even if the judgment is voidable and so illegal or defective that it would be set aside on a proper direct application, it is not subject to collateral attack so long as it stands in force."

Thus if the order in the instant case was not obtained fraudulently, it was merely voidable, and the court would have had no right to vacate it after a lapse of over two years from its entry. The issue to be determined in the instant case is whether the order of dismissal was void as having been obtained fraudulently. This court, In re Estate of Stith, 105 Ill App2d 429, 244 NE2d 834 (1969), stated at p 437 that:

"To constitute fraud it must be shown not only that the party asserting such fraud had a right which he failed to assert in the former proceedings, but that he was deprived of an opportunity to present such right or defense by improper conduct of the party securing such judgment."

We believe that careful scrutiny of the record lends scant support to defendant's contention that its notice of motion was meant to reach plaintiff or her attorney. We find that under the facts and circumstances of the case at bar the order of dismissal was void.

On June 25, 1964, defendant knew that Liffshin was asking leave to withdraw "as associate counsel for plaintiff." Since on the same day defendant obtained an order directing plaintiff to file a security for costs within ten days, its counsel must have been present when the court entered an order allowing Liffshin to withdraw. Defendant also knew that Hunter was a Wisconsin attorney, and that he had no mailing address in the

405

Chicago area. It had received medical reports and bills from Hunter which revealed that his office was located in Milwaukee. Moreover, in filing the original motion to dismiss the complaint, one of the attorneys for defendant stated in the affidavit that he was familiar with all of the documents in the case, and that he knew plaintiff was a resident of Wisconsin. Yet notwithstanding all of this information, on July 17, 1964, defendant served notice of its motion to dismiss the complaint by mailing a copy only to "Donald R. Hunter, 111 West Washington Street, Chicago, Illinois." Under these circumstances, it is difficult to understand how defendant expected notice of its motion to reach plaintiff or her counsel. If the notice had been mailed to that address in care of Liffshin or even mentioning his suite number, he may have, as a matter of courtesy, forwarded it to Hunter. The record is silent as to what happened to that notice, but as stated in plaintiff's petition to vacate the dismissal, it was impossible for Hunter to have received it. Consequently, under the circumstances of this case, we find no merit in defendant's contention that, since it mailed a copy of the notice to the only address listed in the record, it fulfilled the requirements of mailing notice and therefore acted properly. We believe that the only conclusion which can be reached from these facts is that defendant did not intend to give notice to plaintiff of its motion for dismissal, and that the trial court correctly vacated the order of dismissal.

Defendant also argues that the belated filing of the security for costs by Attorney Minn reveals that its notice of motion was received by plaintiff. The record does not support that contention. The filing of the security for costs indicates at most that plaintiff's attorney knew that one should be filed. It should also be noted that the security for costs had in fact been filed prior to the entry of the order of dismissal.

Since we find that the order of dismissal was void, we deem it unnecessary to consider whether plaintiff exercised due diligence. In Oak Park Nat. Bank v. Peoples Gas Light & Coke Co., 46 Ill App2d 385, 197 NE2d 73 (1964), the court stated, at p 396, that:

> ". . . the judgment originally entered was void, and hence, even though the petition was designated as having been brought under section 72, it is neither necessary nor appropriate to consider the negligence of the plaintiff as a determinative factor in whether or not the judgment should be vacated."

Plaintiff has also filed a motion in this court to quash the appeal. In view of the result we have reached, it is unnecessary to consider that motion.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.