ESTHER CULVER, Plaintiff-Appellant, *v.* PERRY ALLERTON, Defendant-Appellee.

(No. 70-118; ■■■■■■

Second District—May 6, 1971.

Albert F. Hofeld, of Chicago, for appellant.

Alschuler, Putnam, McWethy, Weiss & Weiler, of Aurora, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

On March 23rd, 1970, plaintiff filed a motion to vacate an order which had been entered on June 5th, 1967, dismissing her complaint for want of prosecution. The trial court denied the motion with a finding that it had no jurisdiction to hear it. Essentially, plaintiff's appeal urges that the dismissal order was entered without notice, and was therefore void and subject to attack at any time.

The complaint, claiming damages for personal injury, was filed on May 8th, 1962. Thereafter, an answer, an amended complaint, and various motions directed toward the amended complaint were filed. The pending

motions were taken under advisement by the court on June 22nd, 1965.

On April 12th, 1967, plaintiff's counsel received notice of a general call of the docket to be held on April 28th, 1967. The notice advised that "All cases in which positive action has not been taken and no attempt has been made for trial or final disposition of same for at least one year immediately preceding said call may be dismissed under Administrative Rule Four (4) of this Circuit * * *". An order was entered on April 28th, 1967, which recited: That a just reason has been offered why the above captioned cause should not be dismissed from the general docket for lack of prosecution", and ordered "That plaintiff has one week to file a certificate of readiness".

The docket next shows the order dated June 5th, 1967, which recited that it was being entered pursuant to the general call of which all attorneys of record received notice, and ordered the dismissal after a finding: "That no action has taken place since the order of April 28th, 1967, continuing cause to May 5, 1967 * * *".

The trial court, in its view that it had no jurisdiction, did not consider the statements in plaintiff's motion and affidavit to vacate the June 5th, 1967 order. For the purpose of this appeal, we will consider the allegations which bear on the issue whether the court entered a dismissal order which was void and consequently subject to attack after the running of the two year limitations period set forth in Section 72 of the Civil Practice Act. In the affidavit of plaintiff's counsel, it is admitted that plaintiff had prior notice of the general call of the docket set for April 28th, 1967, but it is further stated,

"6. On April 28, 1967, the Court had entered an order (Exhibit S) allowing one week for a Certificate of Readiness for Trial to be filed, but affiant received no notice of this. The Court also continued the matter to June 5, 1967, but affiant received no notice of this either from the Court or the McWethy firm.

7. On June 5, 1967, the *Culver* case was dismissed by Judge John S. Petersen, since no action had been taken. (See Exhibit T) Affiant had never been notified that action should have been taken. Affiant received no notice from the Court (a review of the court file indicates no post card or other notice was sent) or the McWethy firm that the case had been dismissed."

Plaintiff also stated that after receiving notice of the general docket call, her attorney called the office of defendant's attorney and was advised that defendant's attorney would answer ready for plaintiff and either file a certificate of readiness for trial or send the forms, and that in any event the case would be reached for trial in six months or a year.

Plaintiff concedes that the issue of due diligence in failing to discover the order of dismissal is irrelevant;[1] but essentially argues that the order of June 5, 1967, is void because it was rendered without notice of the hearing and the plaintiff was not thereafter informed.

■ It is clear that a void order may be attacked at any time. See Ill. Rev. Stat. 1967, ch. 110, par. 72(7); *Fox v. Dept. of Revenue* (1966), 34 Ill.2d 358, 361; *Antczak v. Antczak* (1965), 61 Ill.App.2d 404, 410; *Weiner v. Checker Taxi Co., Inc.* (1970), 124 Ill.App.2d 401, 404.

However, the failure of the clerk to send notice of the order of dismissal pursuant to par. 50.1 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 50.1), does not prove that the order is void, as the provision explicitly states that, "the failure of the clerk to give the notice does not impair the force, the validity or effect of the order". (Such failure may be relevant to the issue of a party's due diligence under Section 72. See, *e.g., Maierhofer v. Gerhardt* (1961), 29 Ill.App.2d 45, 49, 50).

■■ Plaintiff relies principally upon *Weiner v. Checker Taxi Co., Inc.,* 124 Ill.App.2d 401, *supra,* to support the further argument that the dismissal order was entered without notice. In *Weiner* the court found that the order of dismissal was obtained fraudulently and was therefore void. There, the notice of the hearing, which resulted in the dismissal, was sent to the plaintiff's Wisconsin attorney at the address of a Chicago attorney known to have previously withdrawn from the case with the only conclusion possible from the facts being that defendant did not intend to give notice to plaintiff of a motion to dismiss and it was not possible for plaintiff's attorney to receive the notice. Here, plaintiff admittedly had notice of the dismissal call. The allegation that the opposing attorney stated "he would answer ready for affiant and would then either file a Certificate of Readiness or send affiant the forms" is insufficient to show that any fraud was practiced upon the court or counsel at the time when

---

[1] We thus view the remaining allegations of the motion irrelevant to the question whether the dismissal order is void. These allegations are addressed to equitable considerations under Section 72. Included are allegations that plaintiff's counsel contacted defendant's office by telephone a few days after the call and was advised by a secretary in defendant's office that "everything had been taken care of and if any problem arose they would let him know". Other allegations referred to various calls to the Kane County clerk's office during 1967, 1968 and 1969, and correspondence with the clerk's office which first indicated that the case had not been assigned for trial and later indicated that plaintiff was to file a certificate of readiness, which plaintiff did file in 1969. It was further alleged that the clerk's calendar showed the case listed for trial in 1970. (After the court's refusal to vacate its dismissal order, plaintiff filed a Section 72 petition which was denied for the reason that some 34 months had run since the time of the dismissal order. No appeal was taken from this denial.)

plaintiff's counsel was obligated to attend the dismissal call inasmuch as the case was not then dismissed but was continued for the filing of the Certificate of Readiness. The recital of a subsequent call to a secretary in the office of defendant's counsel, and her purported statement, "Everything was Okay" and "That it had been taken care of" would certainly be relevant to an issue of plaintiff's due diligence in following the progress of the case, but does not amount to stating fraud which would vitiate the judgment of dismissal. The plaintiff was before the court on due notice of the call of the docket on April 28th, 1967 for the purpose of dismissing cases for want of prosecution; she thereupon was charged with notice of all subsequent proceedings taken in accordance with the notice and in furtherance of the purpose of Administrative Rule Four to clear the docket of cases in which there appeared a want of prosecution. (See *Dyer v. Ind. Com.* (1936), 364 Ill. 161, 162, 163.) The June 5, 1967, order was a continuation of the earlier proceedings and cannot therefore be characterized as a void order entered without notice. The order was presumptively valid and the allegations in plaintiff's motion to vacate, as admitted, are insufficient to prove otherwise. *Urso v. Reynolds Metals Co.* (1968), 95 Ill.App.2d 251; *Antczak v. Antczak*, 61 Ill.App.2d 404, *supra*. See also *Pettigrove v. Parro Const. Corp.* (1963), 44 Ill.App.2d 421, 423.

Plaintiff, in her reply brief, seeks to distinguish *Urso*, arguing that there is a "break in the chain of notice" because the April 28th order continued the cause to May 5th and no new notice was sent to plaintiff for the proceedings on June 5th, 1967. Her motion, however, concedes that, "The court also continued the matter to June 5th, 1967". (Par. 6, *supra*)

■■ Plaintiff has also argued that the conduct of defendant's counsel in representing that they would attend the call and apprise plaintiff's counsel of the proceedings, and then failing to advise plaintiff of the contemplated action required by the court and the further hearings, together with the alleged fact that the case was thereafter carried as a pending case by the court, estops the court and counsel from raising the defense of lack of jurisdiction. The authority cited for this proposition is *Stevens v. City of Chicago* (1970), 119 Ill.App.2d 366. In *Stevens* the court found that there was active participation of the parties without objection subsequent to the dismissal and further proceedings inconsistent with the prior order of dismissal, which amounted to a waiver of the defense of lack of jurisdiction. Here the defendant at no time appeared in court other than by way of a special limited appearance subsequent to the dismissal order. All of the subsequent activity here involved action of the plaintiff and responses of the clerk. Plaintiff is not aided under the circumstances of this case by its reliance on alleged

representations or acts of the clerk of the court. See *Bernier v. Schaefer* (1957), 11 Ill.2d 525, 530.

It is unfortunate that plaintiff cannot now have a trial of the case on its merits. A proper check of the court file, or in fact a check of plaintiff's own files, at any time within two years from the dismissal order, however, would have allowed plaintiff sufficient time to have taken remedial relief under Section 72, urging its excuses for lack of diligence. The "telephone practice" engaged in by plaintiff's counsel cannot, some 34 months later, affect the validity of the order of dismissal.

We, therefore, affirm.

Order affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.