LEBANON TRUST AND SAVINGS BANK, Plaintiff-Appellee, *v.* OBERT W. RAY, d/b/a BASE AUTO SALES, Defendant—(GLORIA MATHIS, Defendant-Appellant.)

(No. 72-91;

Fifth District—February 28, 1973.

Bock & Stenger, of Belleville, (Ralph T. Stenger, of counsel,) for appellant.

Phillip A. Montalvo, of McRoberts, Sheppard, McRoberts & Wimmer, P.C., of East St. Louis, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

The Circuit Court of St. Clair County entered a default judgment against appellant in a replevin action wherein plaintiff replevied an automobile which was in appellant's possession. Seven months after that order was entered appellant filed a petition for relief from judgment, which petition was denied whereupon appellant initiated this appeal. On appeal appellant claims that the trial court never obtained jurisdiction over her and that the default judgment should therefore be vacated.

The facts in this case are somewhat bizarre. On March 12, 1970 plaintiff filed a complaint in replevin against Obert W. Ray, d/b/a Base Auto Sales. The replevin bond and the writ issued by the Clerk named Ray as the sole defendant. Under color of the writ the sheriff took possession of

the automobile in question which was then in appellant's sole possession and control. At the time of the replevin of the car appellant had not been named as a party defendant in either the complaint, bond or writ, except for a handwritten notation on the writ adding her name under the previously designated defendant. The return on the writ does not reflect that it was served upon anyone, as required by section 14 of the Replevin Act, and merely recites that the sheriff took possession of the automobile. On April 9, 1970 the appellant made a special and limited appearance and moved to quash the writ of replevin and the service of the writ on the grounds that appellant was never a party to the action and that the court therefore had no jurisdiction over her nor the property taken from her, said writ being, as to her, null and void. On the following day the court entered an *ex parte nunc pro tunc* order allowing the complaint, affidavit for replevin and writ of replevin to be amended by interlineation thereby adding appellant as a party defendant in the case and as a party to whom the writ was directed. On April 20, 1970 appellant again made a special and limited appearance and filed a motion to expunge the *nunc pro tunc* order from the record alleging that the order was made *ex parte* after her motion to quash was already of record and that said order was an invalid attempt to cure the original defects in the complaint and writ. The motion to quash and the motion to expunge were heard and denied on September 24, 1970, and on February 8, 1971, the court entered a default judgment for plaintiff, there having been no general appearance or responsive pleading made by either the original defendant or the appellant. On September 8, 1970, exactly seven months after the default judgment, ostensibly pursuant to section 72 of the Civil Practice Act, wherein she asserted that the default judgment theretofore entered was null and void by virtue of lack of jurisdiction over the person of the petitioner and that same should therefore be vacated and set aside. On December 14, 1971, the court denied appellant's petition and as grounds therefore found that the petition was not supported by affidavit and was filed too late. It is from this latter order that appellant now appeals.

■■ It is a fundamental principle that a void order or judgment may be attacked at any time. (Ill. Rev. Stat. 1969, ch. 110, sec. 72(7); *Culver v. Allerton,* 132 Ill.App.2d 137, 269 N.E.2d 507; *Weiner v. Checker Taxi Co.,* 124 Ill.App.2d 401, 260 N.E.2d 439; *Antczak v. Antczak,* 61 Ill.App. 2d 404, 410, 209 N.E.2d 838.) In view of this clearly defined legal principle, we find absolutely no merit to the trial court finding that appellant filed her petition for relief from judgment too late to secure the relief for which she prayed. The sole basis for her petition is her claim that the judgment is void for lack of jurisdiction over her person

and property, a claim which she has consistently and persistently advanced throughout the course of this litigation. Such an attack has no time limit and the decision of the trial court was clearly erroneous.

■■ It is likewise clear that the trial court erred in ruling that she was not entitled to the relief sought by her petition because no affidavit was filed pursuant to the provisions of section 72 of the Civil Practice Act. Her petition was based upon facts contained solely and completely in the record before the court and an affidavit could only have been a reiteration of the matters already an official part of the court file. Plaintiff argues that the appellant has failed to follow the procedural steps required by said section 72, which argument totally ignores the clear provision of subsection 7 thereof, wherein it is provided that nothing contained in any other portion of that section shall affect any existing right to relief from a void order, judgment or decree. (Ill. Rev. Stat. 1969, ch. 110, sec. 72(7).) The matter has been properly brought before this court and the sole issue to be determined is whether or not the judgment is in fact void as claimed.

■■ The law is also clearly defined and established that jurisdiction is of two kinds, jurisdiction of the person and jurisdiction of the subject matter, both of which must concur or the judgment will be *void* in any case in which the court has assumed to act. (*Lewis v. Blumenthal,* 395 Ill. 588, 594, 71 N.E.2d 36.) It is therefore fundamental that the question of the jurisdiction of a court as to subject matter or as to parties can be raised at any time either directly or collaterally. (*Bratkovich v. Bratkovich,* 34 Ill.App.2d 122, 180 N.E.2d 716.) The Illinois Replevin Act clearly provides that the actions shall be commenced by filing a verified complaint naming a *defendant* who unlawfully detains the property (Ill. Rev. Stat. 1969, ch. 119, sec. 4) and that thereafter a writ of replevin shall be issued by the clerk at the request of plaintiff which writ shall direct the sheriff or other officer to take the specified property from the named *defendant.* (Ill. Rev. Stat. 1969, ch. 119, sec. 7.) As a further prerequisite for the issuance of the writ, the plaintiff must secure a bond with sufficient security in double the value of the property conditioned that he will, amongst other things, return the property to the named *defendant* if so ordered and further conditioned on payment of all costs and damages incurred as a result of a wrongful taking. (Ill. Rev. Stat. 1969, ch. 119, sec. 10.) The act also provides that the named *defendant* can, when served with the writ, execute a forthcoming bond in double the value of the property whereupon *defendant* may retain the property until an adjudication of the respective rights of the parties is made. (Ill. Rev. Stat. 1969, ch. 119, sec. 14). Here, neither the complaint, the writ of replevin nor the replevin bond named appellant as a defen-

dant when they were filed with the court. In the case of the writ of replevin, however, the sheriff by hand penned in appellant's name and then proceeded to serve the amended writ. It is again basic law that the court does not obtain jurisdiction by having service made upon a party not named in the suit. A sheriff's sole function is to serve persons named in the summons or writ, and his return can in no way broaden the scope of the pleadings or add a party not theretofore made a defendant. (*Lewis v. West Side Trust & Savings Bank*, 377 Ill. 384, 36 N.E.2d 573.) It is thus immediately apparent that the court had no jurisdiction over the person of appellant nor of her property inasmuch as the sheriff's return could not serve to correct the failure to name her as defendant as was required by the Repelvin Act. Appellant, recognizing this jurisdictional failing, quite properly filed a motion to quash the writ of replevin and service thereof whereupon plaintiff, obviously then aware of its mistake, sought and obtained a *nunc pro tunc* order wherein the court allowed the complaint and writ of replevin to be amended by interlineation, adding appellant as a party defendant and as a party to whom the writ was directed. The jurisdiction of the court clearly rests solely on the validity of that *nunc pro tunc* order and if same is invalid, appellant is obviously entitled to the relief sought. In our view, the order was patently in excess of the power of the trial court and therefore void.

■■■■ The purpose of a *nunc pro tunc* order is to presently show that which was previously done and it takes effect from such prior time. It is solely a device for supplying omissions and to enter of record something actually done. It may not, however, supply omitted judicial action nor correct judicial errors. (*Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co., Inc.*, 83 Ill.App.2d 320, 227 N.E.2d 562.) Here, as in the *Chapman* case, the omission was not one of form and the *nunc pro tunc* order was obviously intended to substantially change what was done. The action taken was all the more erroneous by virtue of the fact that the court eliminated the only safeguards available to a person whose property is being replevied, by failing to amend, *nunc pro tunc,* the replevin bond. The appellant was not named defendant at the time the property was taken and thus, under the provisions of the Replevin Act, she had no right to file a forthcoming bond in order to retain the property and she was also not named on the bond, thus depriving her of that security. Because of the court's lack of jurisdiction over appellant we reverse the decision of the trial court and remand this cause with directions to vacate the default judgment and for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded, with directions.

EBERSPACHER, P. J., and JONES, J., concur.