CHARLES RICKARD, Plaintiff-Appellant, *v.* HELEN POZDAL, Defendant-Appellee.

(No. 73-305; 

Second District (1st Division)—August 25, 1975.

*Rehearing denied September 11, 1975.*

Richard W. Husted, of Elgin, for appellant.

John M. Burke, of Burke & Burke, of Chicago, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff filed his complaint in the small claim branch of the circuit court for the refund of some $875 earnest money paid on the proposed purchase of a beauty parlor, which deal failed to materialize. The defendant appeared and moved to transfer to a proper venue, which motion

was denied and the case set for trial on May 24, 1972. On that date, the defendant did not appear and a judgment for the plaintiff was entered. On May 26, 1972, the defendant filed a notice of appeal to the appellate court from the orders of April 28, 1972, and May 24, 1972.

On June 7, 1972, the trial court entered an order reconsidering and allowing the motion to transfer the case to the Municipal Court of Cook County and ordered the defendant, within term time to move to vacate the judgment of May 26, 1972, the transfer to be delayed until then. On June 9, 1972, the defendant moved to dismiss her appeal, to vacate the judgment of May 24, 1972, and to order the clerk of the court to transfer all proceedings to the Municipal Court of Cook County, pursuant to the order of June 7, 1972. On June 16, 1972, the plaintiff, not being present, the pending appeal was dismissed, the judgment entered on May 24, 1972, was vacated and the clerk was directed to certify all proceedings and transfer the proceedings to the Municipal Court of Chicago.

On May 14, 1973, almost 1 year later, the plaintiff moved to vacate the order of June 15, 1972, on the ground that the court then had no jurisdiction because an appeal by the defendant from the judgment of May 24, 1972, was still pending. The defendant moved to strike said motion on various grounds and, on June 15, 1973, the plaintiff filed another motion as follows:

## "MOTION TO VACATE FOR
## WANT OF PROSECUTION

Comes now the Plaintiff, pursuant to Section 72 of the Civil Practice Act, and herewith moves to vacate those certain orders of June 7 and June 15, 1972, respectively, which purport to transfer venue and to vacate a judgment in favor of Plaintiff, previously entered on May 24, 1972, and as grounds therefor says:

1. This motion is made within two years of the said order of June 15, 1972.

2. Judgment was duly entered herein in favor of Plaintiff and against Defendant on May 24, 1972.

3. Thereafter, Defendant perfected an appeal of such judgment order to the Illinois Appellate Court Second District, the affect of which was to deprive this court of jurisdiction for any substantial action on the case.

4. Thereafter, and while said appeal was still pending, Defendant on the 3rd day of June, 1972, attempted to give and serve upon Plaintiff notice concerning venue, being a motion to transfer venue of said case to another Court, and on the 7th day of June secured an order transferring venue to another court; and, further, on the 9th day of June, gave a purported notice of transfer of

venue, vacation of judgment and dismissal of appeal for June 15, 1972, and on that date secured an order again transferring venue, vacating judgment and dismissing the appeal.

5. At the time of the service of such notice, and at the time of the presentment of such motions to the Court on June 7 and June 15, 1972, this Court had no jurisdiction whatever to recognize said notices or to entertain such motions, and in so doing was acting completely without jurisdiction.

6. By reason of the aforesaid, said order of June 7, 1972, which purported to transfer venue and that portion of the order of June 15, 1972, which purported to vacate the judgment of May 24, 1972, and to transfer the cause to the municipal court of Cook County, Illinois, were complete ultra vires and void, for want of jurisdiction of the Court.

7. All of the aforesaid appears of record herein, so that no affidavits are necessary.

WHEREFORE, Plaintiff prays for an order declaring to be null and void and vacating said orders of June 7 and June 15, 1972, insofar as the same vacated said judgment on May 24, 1972, and transferred said cause."

On that same day, June 15, 1973, the plaintiff's said motion to vacate for want of jurisdiction was denied and on July 9, 1973, this appeal followed.

The plaintiff here contends (1) that upon the filing of the notice of appeal by the defendant the trial court lost jurisdiction of the case; and (2) that the filing of such a notice of appeal constitutes an abandonment of pending motions to vacate the judgment and to transfer the case to a proper venue. The defendant, on the contrary, contends (1) that the said refusal to vacate was proper because the plaintiff's motion was defective under section 72 of the Civil Practice Act, and (2) that the orders appealed from were proper.

We shall first deal with the defendant's contention that the plaintiff's motion was properly denied because it did not meet the requirements of section 72 of the Civil Practice Act. Although the plaintiff deemed his motion one pursuant to section 72 of the Civil Practice Act, it was not necessary to find compliance with the requirements of section 72 (Ill. Rev. Stat. 1971, ch. 110, par. 72) and allege due diligence. Section 72(7) (Ill. Rev. Stat. 1971, ch. 110, par. 72(7)) provides:

"Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

■■ Plaintiff's motion was a motion to vacate for want of jurisdiction,

alleging that the orders entered on June 7, 1972, and on June 15, 1972, were void. It is not necessary that such a motion be governed by section 72 (Ill. Rev. Stat. 1971, ch. 110, par. 72), even though the plaintiff deemed it as such. In *Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill.App.3d 345, 293 N.E.2d 623, after a default judgment, the defendant motioned to vacate the judgment for lack of jurisdiction, ostensibly pursuant to section 72 of the Civil Practice Act. There, as in the case at bar, the motion was denied for failure to comply with the provisions of section 72 of the Civil Practice Act and for lack of due diligence in filing the motion. On appeal, the court, at pages 347-48, said:

"It is a fundamental principle that a void order or judgment may be attacked at any time. (Ill. Rev. Stat. 1969, ch. 110, sec. 72(7); *Culver v. Allerton*, 132 Ill.App.2d 137, 269 N.E.2d 507; *Weiner v. Checker Taxi Co.*, 124 Ill.App.2d 401, 260 N.E.2d 439; *Antczak v. Antczak*, 61 Ill.App.2d 404, 410, 209 N.E.2d 838.) In view of this clearly defined legal principle, we find absolutely no merit to the trial court finding that appellant filed her petition for relief from judgment too late to secure the relief for which she prayed. * * * Plaintiff argues that the appellant has failed to follow the procedural steps required by said section 72, which argument totally ignores the clear provision of subsection 7 thereof, wherein it is provided that nothing contained in any other portion of that section shall affect any existing right to relief from a void order, judgment or decree. (Ill. Rev. Stat. 1969, ch. 110, sec. 72(7).)"

In the case at bar, the court denied plaintiff's motion on the grounds that it did not comply with section 72 of the Civil Practice Act and failed to allege due diligence. From what we have said, it is obvious that this was not a sound basis for denying plaintiff's motion to vacate for want of jurisdiction. The sole issue to be determined by this court is whether the orders of June 7, 1972, and of June 15, 1972, were void for want of jurisdiction.

We therefore pass now to the *plaintiff's first* contention—that upon the filing of the notice of appeal by the defendant the trial court lost jurisdiction of the case.

■■ It is undisputed that upon filing a notice of appeal, the circuit court is divested of jurisdiction to enter any order involving a matter of substance, and the jurisdiction of the appellate court attaches instanter. (*Nye v. Nye* (1950), 342 Ill.App. 11, 16, 94 N.E.2d 909; *Brehm v. Piotrowski* (1951), 409 Ill. 87, 90, 98 N.E.2d 725; *Cowdery v. Northern Trust Co.* (1944), 321 Ill.App. 243, 268, 269, 53 N.E.2d 43; *Butler v. Palm* (1962), 36 Ill.App.2d 351, 366, 184 N.E.2d 633.) In the case at bar, the notice of appeal was filed on May 26, 1972, and the appeal was dismissed on June

15, 1972. During this interval, jurisdiction was vested in the appellate court. Consequently, we find that the order entered on June 7, 1972, granting the defendant's motion for a change of venue, was void for want of jurisdiction. But this becomes moot because of subsequent orders.

Our next consideration is whether the circuit court had jurisdiction to enter the order on June 15, 1972, whereby the defendant's motions to dismiss the appeal, to vacate the judgment and to transfer venue, were granted. The motion to dismiss the appeal was granted pursuant to Supreme Court Rule 309 which provides:

> "Before a case is docketed in the reviewing court, the trial court may dismiss the appeal of any party (1) on motion of that party, (2) on stipulation of the parties, or (3) if 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court." Ill. Rev. Stat. 1971, ch. 110A, par. 309.

On appeal, the plaintiff does not contest the validity of the trial court order granting defendant's motion to dismiss the appeal. In conceding that this motion was properly granted, the plaintiff admits that notice of this motion was received by him. Yet plaintiff asserts that that notice, with respect to the other motions heard and granted on June 15, 1972, did not constitute valid notice since the trial court did not have jurisdiction over the cause at the time the notice of motion was served and filed in the circuit court. We disagree. If notice of the motion to dismiss the appeal was valid, although filed in the circuit court during the interval when the appellate court had jurisdiction, then it follows that notice of the other motions filed with the circuit court was valid as well.

■■ Since the jurisdiction of the appellate court attaches upon the filing of the notice of appeal, it follows that upon dismissal of the appeal, the circuit court is revested with jurisdiction over the cause. As our supreme court in *People ex rel. v. Bristow* (1945), 391 Ill. 101, 62 N.E.2d 545, said, at page 112:

> "Where an appeal is voluntarily dismissed by the appellant, the effect is to remove the appeal and the cause * * * from the jurisdiction of the [Appellate] court. * * * It left the appellant in the same position it was before the appeal was filed. The rights of the parties were in nowise affected by reason of the fact that the appeal had been taken and subsequently dismissed * * *. It left the judgment of the circuit court in full force and effect, the same as if no appeal had ever been taken."

Therefore, upon granting defendant's motion to dismiss the appeal, jurisdiction vested *instanter* in the circuit court. Thus, once the appeal was dismissed, the circuit court had jurisdiction to enter its order of June 15,

1972, which granted defendant's motions to vacate the judgment pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50(5)) and to transfer the venue to Cook County.

■■ This brings us to the plaintiff's *second* contention that, by filing her notice of appeal, the defendant abandoned her pending motions to vacate the judgment and to transfer the case to Cook County. The two cases cited for this proposition (*Corwin v. Rheims* (1945), 390 Ill. 205, 216, 61 N.E.2d 40; *Butler v. Palm* (1962), 36 Ill.App.2d 351, 366, 184 N.E.2d 633), do not come within a country mile of supporting this position. Neither involved a situation where the notice of appeal was dismissed and, although there is some vague *dicta* as to abandonment in the first case, there is not even that in the second. We conclude that this contention utterly lacks merit.

We therefore affirm the trial court's order of June 15, 1972, vacating the judgment entered on May 26, 1972, and transferring the case to the Municipal Court of Cook County.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.