PROS CORPORATE MANAGEMENT SERVICES, INC., Plaintiff, v. ASHLEY S. ROSE, LTD., Defendant-Appellant (Louis A. Allen, Plaintiff-Appellee).

Second District   No. 2—91—0839

Opinion filed May 5, 1992.

Ashley S. Rose, of Ashley S. Rose, Ltd., of Wheaton, appellant *pro se.*

David H. Keay and Brent E. Ohlmann, both of Law Office of David H. Keay, of Wheaton, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

The plaintiff, Pros Corporate Management Services, Inc. (Pros), filed a complaint in the circuit court of Du Page County naming as defendant Ashley S. Rose, Ltd., and seeking money allegedly due under a written lease, as well as attorney fees pursuant to the lease. The plaintiff filed an amended complaint adding Louis A. Allen as a plaintiff. Following a bench trial, the court entered a finding against Pros, entered judgment in favor of Louis Allen in the amount of $13,042.22 and continued the matter for a hearing on attorney fees. The court subsequently awarded Louis Allen $11,202.50 in attorney fees, and the defendant appealed.

The following issues are raised by the defendant on appeal: (1) whether the trial court lacked jurisdiction to conduct a trial; (2) whether the trial court erred in allowing Louis Allen to become a plaintiff; (3) whether the trial court erred in refusing to enforce the defendant's Rule 237(b) (134 Ill. 2d R. 237(b)) notice to produce; (4) whether the trial court erred in conducting a bench trial absent Louis

Allen; and (5) whether the trial court erred in denying the defendant's motion for summary judgment and its post-trial motion, both of which were based on Pros' alleged waiver of its right to enforce the lease as to rent payments.

The following facts are relevant to our disposition of the issues. On August 1, 1988, Pros filed its complaint against the defendant alleging that the defendant owed $12,541.91 pursuant to a written lease between the defendant and Louis Allen & Associates, Inc. (Allen & Associates). According to the complaint, Pros was the agent of Allen & Associates. The complaint also sought attorney fees under the lease if Pros prevailed.

On February 22, 1989, the defendant filed a motion to dismiss pursuant to section 2—619(a)(2) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(2)), based upon Pros' alleged lack of standing. On July 21, 1989, the defendant moved to amend the statutory basis of its motion to dismiss from section 2—619(a)(2) to section 2—619(a)(9) of the Code. On August 21, 1989, the court entered an order granting the defendant's motion to dismiss based on Pros' lack of standing. That order further provided that "[i]f counsel for plaintiff can produce an assignment, counsel may file motion to vacate dismissal within thirty (30) days of the date hereof." The order, as originally drafted by the defendant's attorney and submitted to the court, granted Pros leave to file an amended complaint rather than leave to file a motion to vacate the dismissal.

On September 20, 1989, Pros filed an amended complaint which named as plaintiffs both Pros and Louis A. Allen "individually as successor to LOUIS A. ALLEN ASSOCIATES, INC." Attached to the complaint as an exhibit is a copy of a warranty deed conveying the subject property from Allen & Associates to Louis Allen and Ruth Allen. The amended complaint sought the same relief as the original complaint. On October 25, 1989, Pros filed a motion for leave to file its amended complaint *nunc pro tunc* based on the court's unilateral modification of the August 21, 1989, order dismissing the original complaint.

On November 29, 1989, Pros filed a motion to vacate the August 21, 1989, order of dismissal pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). On December 13, 1989, the court entered an order granting Pros' motion for leave to file its amended complaint *nunc pro tunc* to August 21, 1989. On January 3, 1990, the defendant filed a motion to vacate the December 13, 1989, order, which the court denied on January 10, 1990.

On March 26, 1990, the defendant filed a document entitled "NO-TICE TO PRODUCE AT TRIAL." That document states, in pertinent part, that the plaintiff is "notified in accordance with Supreme Court Rule 237(b) to produce at the trial or arbitration hearing" both Louis A. Allen and Ruth G. Allen. The notice further requires production of the Allens at the "Arbitration Center" on April 3, 1990, or "any date which that hearing" might be continued. On March 30, 1990, Pros and Louis Allen filed a motion to quash the defendant's Rule 237(b) notice to produce.

On March 26, 1990, the defendant also filed another motion to dismiss the amended complaint pursuant to section 2—619(a)(9) of the Code. On April 2, 1990, the court denied the defendant's motion to dismiss and also denied the plaintiffs' motion to quash the defendant's Rule 237(b) notice to produce "as far as the arbitration proceedings [were] concerned."

On April 3, 1990, the court entered an order stating that the matter was heard at an arbitration hearing on April 3, 1990, and that an award was entered. Also on April 3, 1990, there was an arbitration award entered in favor of the plaintiff in the amount of $13,012.42. The arbitration award reserved the issue of attorney fees for a hearing before the supervising judge. On April 12, 1990, the defendant filed its rejection of the arbitration award.

While the record does not contain a copy of the notice, our records show that the defendant filed a notice of appeal on April 12, 1990 (No. 2—90—0395). On May 15, 1990, the trial court ordered "[t]he matter [to be] set for trial July 12, 1990." On June 5, 1990, this court entered an order dismissing the appeal (No. 2—90—0395). The record indicates that that order was filed in the circuit court on June 12, 1990.

Our records, of which we may take judicial notice, indicate that on June 22, 1990, the defendant filed in this court an "affidavit of intent to file a petition for leave to appeal to the supreme court" and a motion to recall our mandate. On July 3, 1990, the defendant filed an "expedited motion to stay proceedings pending appeal to the supreme court." On July 10, 1990, this court denied the defendant's motion to stay the trial court proceedings.

On July 2, 1990, the defendant filed a motion to continue the trial. Alternatively, the motion asked the trial court to put the case on inactive status for the reason that the court lacked jurisdiction to set the matter for trial because of the case's pendency in the appellate court. The defendant also filed on July 2, 1990, its motions for summary judgment and to dismiss. On that same date, the trial court entered

an order denying the defendant's motions to dismiss and to continue the trial date. On July 12, 1990, the trial court denied the defendant's motion for summary judgment and proceeded to conduct a bench trial.

As a preliminary matter, the trial court stated for the record that counsel had handed it an order of this court stating that a motion by the defendant to stay proceedings in the trial court had been denied. The trial court also ruled, prior to trial commencing, that the previously filed notice to produce pursuant to Rule 237(b) applied only to the arbitration hearing and that the defendant was obligated to renew the Rule 237(b) notice if it wanted to require the presence of Louis Allen and Ruth Allen at trial.

Drew Matthews, who was employed by Pros from October 1983 to May 1988 as vice-president and project manager, testified at trial that he was familiar with the management of the commercial properties managed by Pros. Matthews managed the property of which the defendant was a tenant. Matthews also identified a written lease between the defendant and Allen & Associates commencing April 1, 1984, and ending March 31, 1987.

According to Matthews, the defendant vacated the premises when the lease terminated in March 1987. At that time, the defendant owed $13,042.22 in rent. Pros mailed a rental statement to the defendant dated March 31, 1987, stating a total amount due of $13,042.22. Pros received no payments from the defendant after the mailing of the March 31, 1987, statement. Randall A. Pros, who was president of Pros during the term of the lease, testified that the defendant was billed for rent on a monthly basis.

Following the plaintiff's case, the defendant moved for a directed finding on the basis that neither Pros nor Louis Allen had standing. The court granted the motion as to Pros and denied it as to Louis Allen.

Ashley Rose testified on behalf of the defendant that the defendant vacated the premises at the end of March 1987. According to Mr. Rose, about eight months to a year after the defendant moved out, he received a statement from Pros, dated March 31, 1987. The defendant was delinquent some months with rent payments and on one occasion made a lump sum payment of four payments which was accepted by the landlord.

There was never a demand letter served on the defendant during the time it occupied the premises. No suit was ever filed to collect rent. The defendant paid rent in March 1987, which was accepted. The only demand letter ever received after the defendant vacated the

premises was one sent a "considerably long time" after the defendant left. He also received a telephone call from an attorney "months" after he left, stating there was a claim, but not alleging the amount claimed. The defendant never received any itemized statement concerning his security deposit, as required by the lease, nor was any security deposit returned to him. On cross-examination, Rose denied receiving a letter from Drew Matthews dated December 31, 1985, that stated the defendant's account was delinquent in the amount of $5,102.70. He had no recollection of ever making any demand for the return of the security deposit.

Randall Pros also testified as an adverse witness. He had no knowledge of whether a five-day notice had ever been served on the defendant. He also had no knowledge of whether any lawsuits were filed against the defendant for past-due rent.

The court entered judgment in favor of Louis Allen in the amount of $13,042.22. The court entered a finding in favor of the defendant and against Pros. Finally, the court continued the attorney fees issue for hearing on July 13, 1990.

On July 17, 1990, this court, on its own motion, vacated its orders of June 5, 1990, which had dismissed the appeal (No. 2—90—0395), and of July 10, 1990, which had denied the defendant's motion for a stay of the trial court proceedings. Also on July 17, this court granted the defendant's motion to recall the mandate issued June 5, 1990, and to stay all further proceedings in the trial court.

On our own motion, in an order dated July 3, 1990, which is apparently misdated, we vacated our July 17 order. In this subsequent order, we granted the defendant's motion to recall the mandate issued on June 5 and also its motion to stay the trial court proceedings. This court also ordered that our June 5 order dismissing the appeal (No. 2—90—0395) remain in effect.

On August 10, 1990, the defendant filed a new notice of appeal (No. 2—90—0885) seeking reversal of the July 12, 1990, judgment and a declaration that all orders entered by the trial court after June 5, 1990, were void. This court, on September 18, 1990, on its own motion, dismissed the appeal (2—90—0885) based on the defendant's failure to comply with our order of August 31, 1990.

On November 2, 1990, the trial court ordered the case continued for status because this court had not yet issued its mandate in No. 2—90—0395. On January 7, 1991, we entered a final order dismissing the appeal based on the untimely filing of the notice of appeal (No. 2—90—0395). On that same date, on our own motion, we terminated the

stay previously entered and reissued our mandate which had been re-called on July 25, 1990 (order incorrectly dated July 3, 1990).

On February 1, 1991, the trial court granted the plaintiff, Louis Allen, leave to file an updated petition for attorney fees. On March 4, 1991, the trial court entered a "supplemental judgment" in favor of Louis Allen for attorney fees in the amount of $11,202.50 plus $295.30 in costs.

On April 1, 1991, the defendant filed a post-trial motion challeng-ing the denial of its motion for summary judgment, the denial of its motion to dismiss, the finding that Louis Allen had standing, the July 12, 1990, judgment of the court, and the March 4, 1991, award of at-torney fees. On July 17, 1991, the trial court denied the defendant's post-trial motion in its entirety. On July 25, 1991, the defendant filed its notice of appeal.

The first issue we address is whether the trial court lacked juris-diction to conduct a trial on July 12, 1990. In this regard, the defend-ant contends that from April 12, 1990, when it filed its notice of ap-peal, until the supreme court denied its petition for leave to appeal on October 29, 1990, there was no interval during which the trial court had jurisdiction to proceed to trial.

■ When a notice of appeal is perfected, the trial court loses jurisdiction as to the judgment or part thereof from which the appeal is taken. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433; *American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, 136.) The mandate of a court of review, however, re-vests the circuit court with jurisdiction. (*P S L Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304-05.) Upon the appellate court's granting an appellee's motion to dismiss an appeal, jurisdiction vests in the circuit court *instanter*. (*Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 546; see also *People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 112 (voluntary dismissal of appeal by appellant divests appel-late court of jurisdiction).) Supreme Court Rule 369(b) provides that "[w]hen the reviewing court dismisses the appeal or affirms the judg-ment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken." 134 Ill. 2d R. 369(b).

In this case, we entered an order on June 5, 1990, dismissing the appeal as untimely filed. That order was filed in the circuit court on June 12, 1990. Thus, pursuant to Rule 369(b), the circuit court was re-vested with jurisdiction on June 12, 1990. Our order recalling the mandate and staying the trial court proceedings was not entered until July 17, 1990. Accordingly, the trial court had the authority to con-

duct the bench trial on July 12, 1990, as that was during a period when the trial court had jurisdiction of the matter.

■ While the defendant notes in its brief that it filed an affidavit of intent to file a petition for leave to appeal on June 22, 1990, it fails to present any argument that the trial court lacked jurisdiction because of its filing of the affidavit of intent. We need not consider points not argued or arguments unsupported by reasoning or citation of authority. (134 Ill. 2d R. 341(e)(7).) Moreover, Rule 368(b) provides that a mandate is stayed automatically "if, before it may issue," a party files an affidavit of intent to seek review in the supreme court or in fact files a petition for such review. (134 Ill. 2d R. 368(b).) The defendant here did not file its affidavit until June 22, 1990, *after* this court's mandate issued. Consequently, the mandate was not automatically stayed pursuant to Rule 368(b).

■ We next address the issue of whether the trial court erred in allowing Louis Allen to become a plaintiff. The defendant argues that there was no assignment to Louis Allen of the right to receive and collect rents and, therefore, Louis Allen lacked standing to seek enforcement of the rent provision of the lease. Our supreme court has held that a conveyance of property by warranty deed, wherein the grantor reserves nothing, conveys a lease for the property as well as the right to receive unaccrued rentals. (*Lipschultz v. Robertson* (1950), 407 Ill. 470, 474; see *Bellows v. Ziv* (1962), 38 Ill. App. 2d 342, 350.) Moreover, section 9—215 of the Code provides in pertinent part that "[t]he grantees of any leased lands, tenements, rents or other hereditaments, or of the reversion thereof, *** shall have the same remedies by action or otherwise, for the non-performance of any agreement in the lease, or for the recovery of any rent, *** as their grantor or lessor might have had if such reversion had remained in such lessor or grantor." Ill. Rev. Stat. 1983, ch. 110, par. 9—215.

■ In the present case, the original lessor, Allen & Associates, entered into the written lease on April 1, 1984. Allen & Associates conveyed, by warranty deed on July 1, 1984, its interest in the premises to Louis Allen. The deed states that the conveyance is subject to, among other things, "existing leases and tenancies." When Allen & Associates conveyed the property by warranty deed, reserving nothing to itself, it conveyed the right to recover unaccrued rentals to Louis Allen. The fact that the conveyance was subject to existing leases is consistent with the conveyance of the right to recover rents. Without any indication to the contrary, we cannot conclude that the language of the deed, subjecting it to the existing leases and tenancies, evidences any intent on the part of Allen & Associates, as

grantor, to reserve its rights under the lease. Accordingly, the trial court was correct in ruling that Louis Allen, as grantee, had standing to seek recovery under the lease of rents unaccrued at the time of the conveyance.

Next, we address the issue of whether the trial court abused its discretion in refusing to enforce the defendant's Rule 237(b) notice to produce Louis Allen. The defendant contends the court abused its discretion in its refusal to enforce the Rule 237(b) notice because Louis Allen's presence was necessary for a proper determination of the issues and because there was no plaintiff properly before the court at the time of judgment.

■ Supreme Court Rule 237(b) provides, in pertinent part, that "[t]he appearance at the trial of a party *** may be required by serving the party with a notice designating the person who is required to appear." (134 Ill. 2d R. 237(b).) Compelling the appearance of a party at trial pursuant to Rule 237(b) is a matter of the court's discretion and not a mandatory requirement. (*Pacemaker Food Stores, Inc. v. Seventh Mont Corp.* (1983), 117 Ill. App. 3d 636, 648; *Oakview New Lenox School District No. 122 v. Ford Motor Co.* (1978), 61 Ill. App. 3d 194, 199.) A court's power to order a party to appear should only be exercised for good cause and not to subject a party to harassment, oppression or hardship. *Pacemaker Food Stores, Inc.*, 117 Ill. App. 3d at 648.

In the instant case, the defendant filed a "NOTICE TO PRODUCE AT TRIAL." That notice states in pertinent part that the plaintiff is "notified in accordance with Supreme Court Rule 237(b) to produce *at the trial or arbitration hearing*" Louis Allen. (Emphasis added.) The notice further requires production of Louis Allen at the "Arbitration Center" on April 3, 1990, or "any date which *that hearing*" might be continued. (Emphasis added.)

●6 It appears that the only reasonable interpretation of the notice is that it was intended to require Louis Allen's appearance at the arbitration hearing only. This is evidenced by the fact that the notice identifies the arbitration center as the location for Allen to appear and stated that he was to appear on the date of the arbitration hearing. Furthermore, he was required to appear on any continued date of *that hearing*. Additionally, when the Rule 237(b) notice was filed, there was no trial scheduled. It is illogical to conclude that the notice to produce was intended to encompass the trial when the trial had not yet been scheduled. Under these circumstances, we cannot say that the Rule 237(b) notice in this case required Louis Allen's presence at the July 12, 1990, trial.

■ The defendant raises the alternative contention that the court erred in conducting the trial absent the presence of Allen. We are unaware of any requirement, however, and the defendant refers us to none, that a party be present at trial absent a proper subpoena or Rule 237(b) notice compelling the party's presence. We are careful to note, however, that we are not addressing the question of a party's presence at an arbitration hearing. (See *Balaban v. Gottfried* (1991), 220 Ill. App. 3d 535.) Because the defendant did not subpoena Louis Allen or file a Rule 237(b) notice effective for the July 12, 1990, trial date, Louis Allen's absence at the trial did not deny the defendant a fair trial.

■ The last issue raised by the defendant is whether the trial court erred in failing to find that Louis Allen, through his agent Pros, waived his right to enforce the rent provision of the lease. The defendant argues that Allen waived his right to enforce the rent provisions by accepting rent payments subsequent to the defendant's breach of the rent covenant in the lease.

Our research reveals no authority suggesting that Allen waived his right to collect past-due rents by accepting rental payments for less than the full amount of past-due rent. The cases principally relied on by the defendant, *Steven W. Barrick & Associates v. Witz* (1986), 147 Ill. App. 3d 615, and *Okey, Inc. v. American National Bank & Trust Co.* (1981), 96 Ill. App. 3d 987, are distinguishable. In *Witz*, the court held that a landlord's acceptance of rent accruing after a breach of a lease constitutes a waiver of the right to forfeit on the basis of that breach. (*Witz*, 147 Ill. App. 3d at 619-20.) Likewise, in *Okey, Inc.*, the court held that acceptance of rent is a waiver of a lessor's right to declare a forfeiture under a lease. (*Okey, Inc.*, 96 Ill. App. 3d at 993.) Neither of these cases supports the defendant's contention of waiver in this case. Under the circumstances, the defendant remained obligated to pay the past-due rent under the lease notwithstanding Allen's acceptance of rent payments for less than the full amount due.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

INGLIS, P.J., and GEIGER, J., concur.