2018 IL App (1st) 171691
No. 1-17-1691
Opinion filed June 5, 2018

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| 1002 E. 87th Street LLC, | ) Appeal from the<br>) Circuit Court of<br>) Cook County. |
| Plaintiff-Appellant, | ) |
| v. | )<br>) No. 15 M1 701981 |
| MIDWAY BROADCASTING CORPORATION,<br>MELODY SPANN COOPER, and PIERRE COOPER, | )<br>) |
| Defendants-Appellees. | ) Honorable<br>) David A. Skyrd,<br>) Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1 Does a new landlord have standing to sue a tenant for rent that accrued before purchasing the property?

¶ 2 Plaintiff, 1002 E. 87th Street, LLC (87th Street), filed a verified complaint, seeking to evict defendant, Midway Broadcasting Corporation (Midway), for unpaid rent. 87th Street also sought to collect on the guaranty signed by Melody Spann Cooper and Pierre Cooper. The trial court dismissed 87th Street's complaint, finding that 87th Street lacked standing to recover rent

that accrued before it owned the property. Under the terms of the lease, the trial court granted Midway attorney's fees and denied 87th Street attorney's fees.

¶ 3    87th Street argues the trial court erred in dismissing the verified complaint because (i) the trial court failed to follow the appropriate legal standard on the motion to dismiss, (ii) the lease established 87th Street's standing, (iii) Midway filed counterclaims against 87th Street on the basis of 87th Street's "standing," and (iv) the trial court had no legal support for its decision. 87th Street also contends the trial court should not have awarded attorney's fees to Midway or to the guarantors and instead, should have awarded it attorney's fees as the prevailing party to Midway's counterclaims. Lastly, 87th Street asserts the trial court should have modified the agreed order on use and occupancy payments to match the lease's terms.

¶ 4    We affirm the trial court's dismissal of 87th Street's complaint for lack of standing. Under the lease, 87th Street is not entitled to bring suit for rent that accrued before it owned the property. We affirm the award of attorney's fees to Midway and the denial of 87th Street's attorney's fees, as 87th Street was not a prevailing party. And we affirm the trial court's decision not to modify the agreed order for use and occupancy payments because 87th Street failed to provide a sufficiently complete record.

¶ 5                                    Background

¶ 6    The facts are relatively simple. Midway operated a radio station at 1002 E. 87th Street, Chicago, leasing the space from Jeff BV Commercial, LLC (Jeff BV). Melody Spann-Cooper and Pierre Cooper signed the lease as guarantors. Jeff BV sold the property to Glass Management Services, Inc., which then sold it to 1002 E. 87th Street, LLC. The lease provides that Midway will pay rent "without abatement, demand, deduction or offset whatsoever ***." The lease also indicates that the landlord "shall include the party named as such in the first

paragraph thereof, its representatives, assigns and successors in title to the Premises." When an original owner conveys the property, the "[t]enant agrees to attorn to such new owner." This section further specifies that, when the original landlord conveys the property, all liabilities and obligations "accrued thereafter are terminated" and all liabilities and obligations of the original landlord "shall be binding upon the new owner." Finally, the lease provides that the prevailing party in enforcing the lease "shall be entitled to recover from the nonprevailing party any costs, expenses and reasonable attorney's fees incurred."

¶ 7    In January 2015, after Jeff BV sold the property, Midway sent two checks to Chicago Real Estate Resources (CRER), the property agent, paid to "Glass Management" for January rent. CRER returned the checks and demanded $72,810, the amount in past due rent it claimed Midway owed Jeff BV before Jeff BV sold the property. Midway denied that it owed past due rent, claiming that Jeff BV failed to maintain the property and that 87th Street was not the owner of the property when the past due rent allegedly accrued.

¶ 8    Later that month, 87th Street filed its verified complaint for eviction and possession of the property. The trial court entered an agreed order on use and occupancy payments. Midway counterclaimed, alleging that 87th Street stood in the shoes of Jeff BV, and was now liable for breach of contract for failing to maintain the property. The counterclaim also alleged civil conspiracy against Midway, tortious interference with contract, and tortious interference with a prospective financial advantage.

¶ 9    Two years later, Midway filed a motion to dismiss the complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2014)), claiming 87th Street lacked standing to claim the past due rent. At the same time, 87th Street moved for summary judgment under section 2-1005 of the Code (*id.* § 2-1005), alleging that Midway could not

dispute failing to pay rent to Jeff BV and, accordingly, defaulted under the lease. The trial court granted Midway's motion to dismiss and denied 87th Street's motion for summary judgment.

¶ 10    The trial court also awarded attorney's fees to Midway as the prevailing party and denied 87th Street's request for attorney's fees. Midway then filed a second motion to modify the agreed order on use and occupancy payments, arguing that it should be modified to reflect the annual rent adjustments under the lease. The trial court denied the motion.

¶ 11                                    Analysis

¶ 12                              Standard of Review

¶ 13    A motion to dismiss a claim based on section 2-619 of the Code (*id.* § 2-619) admits the legal sufficiency of the plaintiff's allegations but asserts affirmative matter that avoids or defeats the claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). On review, we accept well-pled facts as true and construe the facts in the light most favorable to the nonmoving party. *Krozel v. Court of Claims*, 2017 IL App (1st) 162068, ¶ 13. We review a trial court's section 2-619 dismissal *de novo*. *Grady v. Illinois Department of Healthcare & Family Services*, 2016 IL App (1st) 152402, ¶ 9. *De novo* review requires us to perform the same type of analysis as the trial court. *A.M. Realty Western L.L.C. v. MSMC Realty, L.L.C.*, 2012 IL App (1st) 121183, ¶ 37.

¶ 14                                    Standing

¶ 15    87th Street contends the lease established its standing. 87th Street claims the lease entitles it to demand strict compliance with the past due rent provision. 87th Street also claims rent accrual is a chose in action and, thus, freely assignable. Midway counters that 87th Street only has standing to sue for rent that comes due after it became the landlord, and not for past due rent that accrued before then. Additionally, Midway counters that rent in arrears is a chose in action that is not assignable to a new property owner.

¶ 16    A lack of standing is considered an affirmative defense under section 2-619(a)(9) of the Code. *In re Estate of Schlenker*, 209 Ill. 2d 456, 461 (2004); 735 ILCS 5/2-619(a)(9) (West 2014). Standing requires a plaintiff to have an interest in the action and its potential outcome. *Unifund CCR Partners v. Shah*, 407 Ill. App. 3d 737, 740 (2011). Usually, the defendant has the burden to prove the affirmative defense of lack of standing. *Noyola v. Board of Education of the City of Chicago*, 227 Ill. App. 3d 429, 433 (1992).

¶ 17    In general, a landlord has standing to sue for unpaid rent. 735 ILCS 5/9-209 (West 2014); *American Management Consultant, LLC v. Carter*, 392 Ill. App. 3d 39, 44 (2009). If a landlord conveys property by warranty deed without reserving any rights, he or she also conveys the leases for the property, as well as the right to receive unaccrued rent. *Pros Corporate Management Services, Inc. v. Ashley S. Rose, Ltd.*, 228 Ill. App. 3d 573, 580 (1992). If a tenant fails to pay rent that becomes due, the new landlord has standing to sue for it. *Id.* at 580-81; *American Management Consultant, LLC*, 392 Ill. App. 3d at 44; *Dasenbrock v. Interstate Restaurant Corp.*, 7 Ill. App. 3d 295, 298 (1972). But the new landlord does not have a right to recover rent due from before it owned the property. *Lipschultz v. Robertson*, 407 Ill. 470, 474 (1950) (conveyed lease gives right to receive unaccrued rents). The original landlord retains any right to recover past due rent. *Dasenbrock*, 7 Ill. App. 3d at 302.

¶ 18    87th Street contends that it has standing to sue under the provision in the lease providing, "[n]o failure of landlord to exercise any power *** or to insist upon strict compliance *** and no custom or practice of the parties *** shall constitute a waiver of Landlord's right to demand exact compliance with the terms ***." 87th Street believes that, as landlord, it can enforce the lease through this nonwaiver clause, regardless of Jeff BV's action or inaction. 87th Street also asserts that Jeff BV's inaction does not prevent 87th Street from demanding exact compliance

with the lease. But, a demand for exact compliance with the lease does not include a nonexistent right to collect rent due before it owned the property. 87th Street cites no cases, and we have found none, stating that a new owner can use a nonwaiver clause to enforce a tenant's obligations to a previous owner. The nonwaiver clause does not allow 87th Street to demand compliance with obligations that were owed to Jeff BV.

¶ 19    87th Street further argues that Midway's counterclaims concede that 87th Street has standing. The counterclaims plead that (i) 87th Street "now stands in the place of Jeff BV, as per the terms of the Lease Agreement, and it is responsible for Jeff BV's actions and inaction as they pertain to the Lease Agreement" and (ii) 87th Street is responsible for the previous owner's breach of the lease and must accept full liability or payment of capital expenses in place of rent. According to 87th Street, the "mend the hold" doctrine precludes Midway from changing strategies and arguing a position that is inconsistent with its original position.

¶ 20    The mend the hold doctrine, which Illinois has recognized for over a century, provides that " '[w]here a party gives a reason for his conduct and decision touching anything involved in a controversy, he [or she] cannot, after litigation has begun, change his [or her] ground and put his [or her] conduct upon another and different consideration. He [or she] is not permitted thus to amend his [or her] hold. He [or she] is estopped from doing it by a settled principle of law.' " *Trossman v. Philipsborn*, 373 Ill. App. 3d 1020, 1042 (2007) (quoting *County of Schuyler v. Missouri Bridge & Iron Co.*, 256 Ill. 348, 353 (1912)). This principle typically applies in contract cases to prevent a party from trying to evade performance of contractual duties for one reason and then, in the middle of litigation, switching to another reason. It is an equitable doctrine "developed to redress unfair and arbitrary conduct of the repudiating party." *Id.* at 1044; *Larson v. Johnson*, 1 Ill. App. 2d 36, 48 (1953) (equitable principle arising from duty of good faith and

fair dealing imposed on all parties to contracts); see also *Harbor Insurance Co. v. Continental Bank Corp.*, 922 F.2d 357, 363 (7th Cir. 1990) (describing *Larson* as "an authoritative exposition of Illinois law").

¶ 21    In light of *Larson* and similar cases, 87th Street's argument that the mend the hold doctrine applies is not persuasive. No evidence in the record demonstrates that Midway "tried on" the defense that 87th Street is liable for the previous landlord's failure to maintain the premises, found that defense was likely to fail, and then raised lack of standing. At most, Midway tried alternative theories and was not acting in bad faith when it raised lack of standing as a defense. The mend the hold doctrine does not apply.

¶ 22    87th Street principally relies on distinguishing *A.M. Realty Western* from the facts here. Its attempt fails as well. *A.M. Realty Western* involved debt that accrued by the tenant during the landlord's ownership of the property. *A.M. Realty Western*, 2012 IL App (1st) 121183, ¶ 8. After the landlord sold the property, it filed suit against its previous tenant for costs accrued during the tenant's occupancy. *Id.* The appellate court held that the landlord had standing to sue the previous tenant because the debt accrued before the property was sold. *Id.* ¶ 43. The court specifically found that the matured debt did not pass to subsequent owners of the property. *Id.* ¶¶ 45, 50. Here, 87th Street is not suing for debt that accrued *during* its tenure as landlord. Instead, 87th Street is claiming past due rent that accrued *before* it owned the property. Under *A.M. Realty Western*, Jeff BV would have standing to sue to collect past due rent, but that case does not support the argument that that 87th Street, as a subsequent landlord, has standing.

¶ 23    Alternatively, 87th Street asks us to follow *Unifund CCR Partners*, 407 Ill. App. 3d 737, and hold that choses in action for rent in arrears are freely assignable. In *Unifund*, the defendant opened a credit card with Citibank, failed to make the required payments, and defaulted. *Id.* at

739. Citibank sold its interest in the defendant's account. *Id.* After multiple assignments, the account ended up assigned to plaintiff, who filed suit to collect on the debt. *Id.* The court noted that Illinois courts have not ruled on the issue of third-party assignments of the entire chose in action for debts. *Id.* at 741. Also, debt assignments are only partial assignments, giving the assignee the right to bring legal action, while the assignor retains the right to collect amounts owed. *Id.* at 742. Before us, however, is a lease transfer after conveyance of a property, not a debt assignment. Even so, 87th Street presents no evidence to show Jeff BV intended to assign its debts to a third party and give 87th Street the right to bring suit to collect. It is doubtful that 87th Street would go through the trouble of litigation and have the amount collected go to Jeff BV. Thus, *Unifund* is inapplicable and fails to establish 87th Street's standing to sue.

¶ 24    87th Street also argues that *Dasenbrock* has no bearing because 87th Street is a successor to a lease and not trying to recover rents incident to the land. This argument has no merit. Unlike credit card debt and future rent due that can be assigned, Illinois courts routinely hold that rent in arrears is not assignable. *Dasenbrock*, 7 Ill. App. 3d at 302; *Kennedy v. Kennedy*, 66 Ill. 190, 196 (1872) ("[R]ents in arrear are not assignable ***."). In *Dasenbrock*, the landlord conveyed the property to his son and then sued the tenant for past rent that accrued when he was the landlord. *Dasenbrock*, 7 Ill. App. 3d at 299. Although the tenants argued that the landlord no longer had an interest in the property, the court disagreed, holding that the landlord's suit for past due rent is not "extinguished by a conveyance of the land." *Id.* at 302. The court specifically held that "[a] rent arrear is a chose in action and not an incident of the land to pass as such to a grantee by a grant of the land." *Id.* Hence, under *Dasenbrock*'s holding, the past due rent owed to Jeff BV would not pass to 87th Street on conveyance of the property.

¶ 25   We are not persuaded by any of 87th Street's standing arguments and affirm the trial court's dismissal.

¶ 26                                    The Guaranty

¶ 27   87th Street argues that when Midway failed to pay rent, Melody Spann Cooper and Pierre Cooper, as guarantors, became liable when the default was not cured. Both 87th Street and Midway note that the rules of contract construction also apply to contracts of guaranty. *Riley Acquisitions, Inc. v. Drexler*, 408 Ill. App. 3d 397, 402 (2011). Thus, 87th Street must prove a breach of contract to succeed on its claim to collect under the guaranty. *Id.* at 402-03. But 87th Street still cannot bring an action under the guaranty. For the same reasons already discussed, 87th Street cannot bring suit for breach of guaranty or collect under the guaranty for failure to pay past due rent because 87th Street does not have standing to sue.

¶ 28                                   Attorney's Fees

¶ 29   87th Street contends the trial court erred in its award of attorney's fees as (i) Midway was not the prevailing party, (ii) the fees awarded were unreasonable, (iii) the fee petition did not have adequate support, and (iv) 87th Street should have been awarded attorney's fees.

¶ 30   Illinois follows the American rule, prohibiting unsuccessful parties from being required to pay the other party's attorney's fees unless the parties contractually agree otherwise. *City of Chicago v. Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 85. Appellate courts strictly construe contractual provisions for attorney's fees and rarely overturn an award for attorney's fees absent the trial court's abuse of discretion. *Peleton, Inc. v. McGivern's, Inc.*, 375 Ill. App. 3d 222, 226 (2007).

¶ 31   87th Street argues that Midway cannot be the prevailing party because 87th Street filed for use and occupancy payments and the trial court dismissed Midway's counterclaims. A party

can be a "prevailing party" even if it does not succeed on all matters. *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 515 (2001); *Peleton*, 375 Ill. App. 3d at 227. And a prevailing party can be entitled to all reasonable attorney's fees. *Powers*, 326 Ill. App. 3d at 515. But, if both parties win and lose on multiple different claims, it may be inappropriate to find a single prevailing party. *Id.*; *Peleton*, 375 Ill. App. 3d at 227-28.

¶ 32    87th Street mistakenly believes that an agreed order on use and occupancy payments makes it a "prevailing party." Courts generally award orders for use and occupancy payments because "a lessee's obligation to pay rent continues as a matter of law, even though the lessee may ultimately establish a right to *** obtain other relief." (Internal quotation marks omitted.) *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 608 (2007). So a request for an order on use and occupancy payments does not mean 87th Street is a "prevailing party" for purposes of awarding attorney's fees.

¶ 33    87th Street also contends the trial court improperly awarded attorney's fees to the guarantors, who had no contractual right to them. We agree that the lease did not provide for attorney's fees to the guarantors. But the trial court awarded fees to Midway under the lease provision. While the guarantors were listed with Midway, "collectively" on the defendants' petition for attorney's fees, no evidence suggests the court separately awarded fees to the Coopers as guarantors.

¶ 34    87th Street then argues that Midway's fee request was unreasonable because Midway sought to profit from a two-year delay on its motion to dismiss. Specifically, 87th Street contends that Midway waited two years to file a motion to dismiss on standing grounds while it pursued its counterclaims. The burden of establishing "reasonable" attorney's fees lies with the requesting party, and the trial court determines the reasonableness of the fees. *Mercado v.*

*Calumet Federal Savings & Loan Ass'n*, 196 Ill. App. 3d 483, 493 (1990). In her fee petition, Midway's attorney stated that the requested fee did not include the attorney's fees Midway incurred in bringing its counterclaim, as those fees were stricken from the bills submitted. Nothing in the record suggests the fees were unreasonable.

¶ 35    87th Street next asserts that Midway failed to properly support its fee petition. While the trial court retains discretion in its award of attorney's fees, the requesting party must still provide documented evidence of the charges. *Id.* The trial court also weighs additional factors including skill of the attorney, difficulty of the work, and the connection between the fees and length of litigation, among others. *Id.* The record shows that Midway provided a compilation of hours and bills to the client. The trial court did not abuse its discretion in granting Midway's fee petition.

¶ 36    Finally, 87th Street argues the trial court should have awarded it attorney's fees because it prevailed when the trial court dismissed Midway's counterclaim with prejudice. Midway filed counts I and IV of its counterclaims against 87th Street. Midway voluntarily dismissed count IV after it prevailed on its motion to dismiss. Count I was dismissed voluntarily with prejudice before 87th Street filed its motion to dismiss. Dismissals with prejudice constitute an adjudication on the merits. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290, ¶ 42. But to prevail, a party must be "successful on any significant issue in the action and *** receive[ ] a judgment in his [or her] favor [citation] or [obtain] an affirmative recovery." (Internal quotation marks omitted.). *Duemer v. Edward T. Joyce & Associates, P.C.*, 2013 IL App (1st) 120687, ¶ 73. Although the trial court dismissed Midway's counterclaim with prejudice, this small victory did not make 87th Street a prevailing party for purposes of awarding attorney's fees. Additionally, under the verified complaint, 87th Street failed to succeed when the

trial court granted Midway's motion to dismiss. Thus, 87th Street is not entitled to attorney's fees from the counterclaims or the verified complaint because it was not the prevailing party.

¶ 37                                Agreed Order on Use and Occupancy

¶ 38    87th Street contends the trial court abused its discretion in denying its motion to modify the agreed order on use and occupancy. Specifically, 87th Street contends that on March 8, 2015, the trial court entered an agreed order for use and occupancy payments so that Midway would continue to pay rent while the case proceeded. Under the lease, Midway agreed to pay rent according to a yearly schedule of increasing payments. The agreed order did not reflect the increasing annual adjustments indicated in the lease. 87th Street filed two motions to modify the agreed order. The trial court denied the first motion, refusing to rule on ancillary matters at that time. 87th Street filed a second motion to modify the agreed order after the dismissal order, which the court denied. 87th Street contends the trial court should have granted the motion and asks us to direct the trial court to modify the order for use and occupancy to reflect the rent due under the lease.

¶ 39    To support a claim of error, the appellant bears the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Without a complete record, the appellate court assumes a trial court's order "was in conformity with law and had a sufficient factual basis." *Id.* at 392. The court in *Foutch* held that without a transcript of the hearing on a motion, "there is no basis [to hold] that the trial court abused [its] discretion in denying [that] motion." *Id.* We hold the same. The record does not include a transcript of the hearing on the motion to modify the agreed order, and without knowledge of the trial court's reasoning, we cannot find an abuse of discretion. We will not speculate as to the trial court's reasoning for denial, and, thus, accept that the trial court's decision as proper.

1-17-1691

¶ 40    Affirmed.