**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240593-U

Order filed May 7, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE HOLLIS D. PORTER TRUST, BARBARA J. MILBAUER and NANCY R. ASKLUND as Co-Trustees, and JEFFREY MILBAUER, not individually but as Executor of the Estate of Barbara J. Milbauer, Deceased, | ) ) ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| | ) | |
| Plaintiffs-Appellants, | ) | Appeal No. 3-24-0593 |
| | ) | Circuit No. 21-LM-192 |
| | ) | |
| v. | ) ) ) | Honorable Nancy A. Nicholson, Judge, Presiding. |
| | ) | |
| KEVIN ALEXANDER WANCHO, Individually and as Trustee of the KEVIN ALEXANDER WANCHO REVOCABLE TRUST, and AMY ANN WANCHO, Individually and as Trustee of the AMY ANN WANCHO REVOCABLE TRUST, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants-Appellees. | ) | |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court did not err in finding that the farm rent in question did not accrue before the real estate closing and is therefore not collectible by the seller without a reservation of that right in the sales contract or deed.

¶ 2        Plaintiff, Barbara J. Milbauer, sold farmland to defendants, Kevin and Amy Wancho, who had been renting the land from her family for several decades. Several months after closing, when the Wanchos typically paid rent for the year prior, Milbauer did not receive any payment. She filed a claim against the Wanchos for breach of contract for failure to pay rent. After first denying an initial summary judgment motion, the circuit court granted the Wanchos' second motion for summary judgment. Milbauer now appeals.

¶ 3                                    I. BACKGROUND

¶ 4        The Wanchos began renting approximately 217 acres of farmland in Kankakee County from Adolf Porter in the 1980s. At that time, there was no written agreement. The parties agreed that the Wanchos would take possession for the calendar year, and the rent payment would become due on January 15 of the following year. Adolf died in the early 1990s, and the rental agreement continued with Adolf's wife, Hollis Porter, as the landlord. When Hollis died in 2010, the Hollis D. Porter Trust (Porter Trust) continued leasing the farm under the same terms. Milbauer and Nancy Asklund were equal beneficiaries under the Porter Trust.

¶ 5        In response to a requirement to participate in United States Farm Service Agency farm programs, the parties memorialized the rental agreement in 2011. The resulting cash rent statement described the type of lease as cash rent. The terms of the statement provided that the lease began on January 1 and ended on December 31. The statement also listed rent payments as being due on January 15. While the dates listed in the statement did not provide a year, there is no dispute that the parties operated under the practice that the rent due and paid on January 15 was for the prior calendar year. No other lease or writing has been executed by the parties.

¶ 6        The Porter Trust distributed the farm to Milbauer and Asklund in equal shares in August 2020. Milbauer received the east half of the farmland while Asklund received the west half. Shortly

2

thereafter, Milbauer entered into an agreement with the Wanchos to purchase her portion of the farmland. The contract stated that Wanchos were the current tenants. It provided that the Wanchos would pay the 2020 property taxes but made no additional provision regarding rent. The rent for the entire parcel for 2020, payable January 15, 2021, was $60,000. The Wanchos obtained possession of the farmland January 1, 2020, according to the terms of the oral lease. No discussions regarding prorating rent occurred prior to closing.

¶ 7      The closing occurred on September 24, 2020, meaning the Wanchos had possession of the land for much of the growing season. In January 2021, the Wanchos paid Asklund $30,000 for her share of the 2020 farm rent but did not pay Milbauer. Milbauer filed suit against the Wanchos alleging that they owed her $30,000 for her half of the 2020 rent.

¶ 8      The Wanchos filed a motion to dismiss that the circuit court denied. They next filed a motion for summary judgment on October 4, 2023, primarily arguing that, because Milbauer failed to reserve lease rights, she could not collect on any rent that was unaccrued at the time of the conveyance. The motion also included an affidavit signed by Kevin averring that when the closing ended on September 24, 2020, he asked Milbauer's attorney if they owed anything else and was told the transaction was complete. He also stated that he agreed to pay the 2020 real estate taxes and would not have done so if he also had to pay rent to Milbauer for the year. The motion argued that because the rent was not due and payable until January 15, 2021, it had not accrued at the time of closing. Thus, the Wanchos argued they did not owe the rent absent the reservation of lease rights in the real estate contract or deed.

¶ 9      Milbauer filed a response to the motion for summary judgment and a cross motion for summary judgment, agreeing that there were no undisputed facts and the court should rule in her favor. Milbauer argued that the Wanchos' obligation to pay rent began on the day they took

possession of the property on January 1, 2020, and therefore accrued on the day of closing, entitling her to the full amount of rent for 2020. The circuit court denied both motions.

¶ 10      The Wanchos filed a second motion for summary judgment on April 9, 2024, that largely modeled the first motion. The same facts were presented, supplemented by an affidavit from their lending officer for the purchase of the farmland, Dustin Wright. Wright averred that he was present at closing and overheard the conversation between Kevin and Milbauer's attorney confirming that the transaction was complete. The Wanchos included authority not presented in their first motion that described the difference between the treatment of rent in arrears and unaccrued rent. They argued that the rent was not yet due when they closed, thus had not accrued. Because the rent had not yet accrued on the day of closing, a reservation for the unpaid rent should have been included in the purchase agreement or deed. Without such reservation, the Wanchos were not responsible for paying Milbauer rent.

¶ 11      The circuit court granted the second motion for summary judgment finding that the affidavit regarding what the attorney said to Wancho created an issue of fact but was not material to resolving the case. It found that the undisputed facts indicated that the Wanchos were entitled to summary judgment because the rent was not due and payable until January 15, 2021, had not accrued, and was therefore not owed to Milbauer. This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13      Milbauer appeals following the circuit court granting the Wanchos' second motion for summary judgment. The circuit court's role in determining a motion for summary judgment is to determine whether an issue of fact exists in the cause of action. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Granting a motion for summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that

4

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005 (West 2022). "A genuine issue of material fact exists where the facts are in dispute or where reasonable minds could draw different inferences from the undisputed facts." *Buck v. Charletta*, 2013 IL App (1st) 122144, ¶ 56. This court reviews a circuit court's ruling on a motion for summary judgment *de novo*. *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 16.

¶ 14        Milbauer contends that the second motion for summary judgment amounts to a motion to reconsider and that the circuit court should not have entertained it because the Wanchos did not include any new facts to consider. Milbauer compares this filing to a motion to reconsider that must be filed within 30 days after a final judgment. See 735 ILCS 5/2-1203 (West 2022). However, there was no final judgment entered after the first motion for summary judgment, thus the analogy Milbauer attempts to make is inapplicable. *In re Estate of Funk*, 221 Ill. 2d 30, 85 (2006) (denial of summary judgment is ordinarily not appealable). There is no authority that indicates a court may not entertain a second motion for summary judgment, and we see no reason to create such precedent here.

¶ 15        Turning to the merits of the appeal, Milbauer argues that the court should not have granted the Wanchos' motion for summary judgment because accrued rent belongs to the seller. When a rental debt matures before property is sold, the debt remains with the seller. *A.M. Realty Western, L.L.C. v. MSMC Realty, L.L.C.*, 2012 IL App (1st) 121183, ¶ 45. Milbauer contends that the rent accrued at possession on January 1, 2020, entitling her to the year's rent.

¶ 16        The Wanchos argue that the rent did not accrue until payment was due and owing on January 15, 2021. They contend it remained unaccrued because it was not due at closing. Unaccrued rent must be reserved in the real estate contract for the seller to retain rights to it. See

5

*Lipschultz v. Robertson*, 407 Ill. 470, 474 (1950) (conveyance of property where seller places no reservations on the purchase necessarily includes conveyance of current leases and the right to receive unaccrued rent). No such reservation was made; thus, the Wanchos argue they do not owe Milbauer any rent for the 2020 calendar year.

¶ 17 We first find that there are no facts in dispute here. The Wanchos, who had rented farmland from Milbauer and her family for decades, purchased Milbauer's portion of the property in September 2020. The rent for the year 2020 was not due until January 15, 2021. During the process of purchasing the property, rent for 2020 was not addressed. There is no issue regarding these facts. Rather, the issue to resolve is at what point in the parties' rental agreement the Wanchos became obligated to pay rent.

¶ 18 The key to this case is the definition of "accrue." If rent accrued when the Wanchos took possession of the property on January 1, 2020, the rent rightfully belongs to Milbauer. See *A.M. Realty Western, L.L.C.*, 2012 IL App (1st) 121183, ¶ 45. However, if a landlord conveys property without reserving any lease rights, she conveys both the lease and right to receive unaccrued rent from it. See *Dixon v. Niccolls*, 39 Ill. 372, 384 (1866); *Pros Corporate Management Services, Inc. v. Ashley S. Rose, Ltd.*, 228 Ill. App. 3d 573, 580 (1992). "Without an express reservation of the right to future rent, the subsequent purchaser of property obtains all of the seller's rights." *Shree Radhey Shyam Group Series, L.L.C. v. Sprintcom, Inc.*, 2016 IL App (2d) 151265-U, ¶ 29. Thus, if rent did not accrue until its annual payment date in January 2021, Milbauer would not be entitled to it because there was no reservation.

¶ 19 We must define "accrue" before determining whether Milbauer needed to reserve her lease rights when she sold the property. Under Black's Law Dictionary, "accrue" means: "To come into existence as an enforceable claim or right; to arise," and "To accumulate periodically; to increase

6

over a period of time." Black's Law Dictionary (12th ed. 2024). As it applies to a landlord-tenant relationship, the payment of future rent is not a present obligation. *Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 416-17 (2003). There is no obligation to pay rent until payment day. *Nelson v. West Town State Bank*, 373 Ill. 106, 111 (1940). Therefore, rent does not accrue until its due date. *Poal Wk Taft, L.L.C. v. Johnson Medical Center Corp.*, 45 So. 3d 37, 38- 39 (Fla. Dist. Ct. App. 2010); *Friedman v. Isenbruck*, 244 P.2d 718, 723 (Cal. Ct. App. 1952) ("Rent does not accrue from day to day; it accrues on the day it is payable."). In the instant case, this means rent did not accrue for the 2020 calendar year until it was due—January 15, 2021. It makes no difference that the purchaser in this case is also the former tenant. Because there was no reservation concerning rent in the real estate contract or deed, the Wanchos obtained the rights to their unaccrued rent.

¶ 20    The circuit court did not act arbitrarily nor unreasonably when it found the rent was not due and owing until January 15, 2021. Indeed, all parties agree with this fact. Given that it was not due until after closing, we find that the rent had not yet accrued. Milbauer did not reserve the right to the rent in the contract or deed. Therefore, the Wanchos, as the purchasers, obtained the right to their own unaccrued rent, and the circuit court did not err in granting the second motion for summary judgment.

¶ 21                                    III. CONCLUSION

¶ 22    The judgment of the circuit court of Kankakee County is affirmed.

¶ 23    Affirmed.

7