2025 IL App (1st) 242449-U

SIXTH DIVISION

December 31, 2025

No. 1-24-2449

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| 134 N. LASALLE LLC, | ) | Appeal from the Circuit Court |
|     Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 24 M1 706252 |
| | ) | |
| | ) | Honorable |
| RICHARD M. CRAIG, | ) | Theresa Smith-Conyers, |
|     Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We lack jurisdiction to consider defendant-appellant's challenge to the nonfinal denial of his motion for summary judgment, and we affirm the circuit court's grant of plaintiff-appellee's voluntary dismissal of the case without prejudice, though we remand for the court to award defendant-appellant his costs per section 2-1009 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1009 (West 2022)).

¶ 2    Defendant-appellant Richard M. Craig appeals from the circuit court's denial of his motion for summary judgment and subsequent grant of plaintiff-appellee 134 N. LaSalle LLC's (the landlord) motion to voluntarily dismiss without prejudice. Craig further requests that this court remand the matter and order the circuit court to award him attorneys fees by declaring him the "prevailing party." For the reasons below, we find that we do not have jurisdiction to consider the nonfinal denial of summary judgment, affirm the grant of voluntary dismissal, and remand for the limited purpose of determining Craig's costs pursuant to Section 2-1009 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1009 (West 2022)).

¶ 3                                          BACKGROUND

¶ 4    This case arises from a landlord-tenant dispute initiated by the landlord of a commercial property, located at 134 N. LaSalle Street in Chicago (property), where Craig was a tenant. In its complaint and eviction summons, filed on April 12, 2024, the landlord alleged that on December 5, 2012, both parties entered into a commercial lease agreement (Lease) for Suite 1330 located within the property, though a later amendment relocated Craig's business to Suite 1206. The landlord further alleged that Craig owed over $11,000 in unpaid rent. The sheriff's department attempted service on May 8, 2024, at approximately 11:52 a.m., but failed. The court then granted the landlord's motion to appoint SNE Detective Company, LLC as a special process server (alias server). The landlord refiled the eviction summons with the court on May 22, 2024. Subsequently, on June 17, 2024, the process server successfully served Craig with the complaint and eviction summons.

¶ 5    On July 2, 2024, Craig moved for summary judgment, arguing that the landlord had failed to provide him with a proper five-day notice. The next day, the landlord filed a motion for "payment of use and occupancy." The motion requested Craig to pay use and occupancy charges

2

between December 2023 and July 2024 in the amount of $17,585.11, plus $1991 monthly, with real estate taxes and monthly operating expenses thereafter.

¶ 6 The landlord responded to Craig's motion for summary judgment on July 29, 2024, arguing the Lease did not require the landlord to provide notice for unpaid rent (or there was at least a genuine issue of material fact on this point), and the landlord provided appropriate notice.

¶ 7 Attached to the response was the affidavit of Lervern Sims, the assistant property manager. In the affidavit, Sims averred that on January 18, 2024, she attempted to deliver a five-day notice to Craig at Suite 1206. Upon arrival, Sims found the door locked and the lights turned off. Sims knocked on the door, but there was no response. On January 24, 2024, Sims attempted to deliver the notice once again but was unsuccessful. Later that day, Sims located Craig's home address and mailed the notice via certified mail to Craig at that address on behalf of the landlord. Sims received a "green card" dated January 27, 2024, in relation to the certified mailing to Craig's home address.

¶ 8 On September 17, 2024, the circuit court denied Craig's motion for summary judgment and granted the landlord's motion for use and occupancy. The order read in relevant part, "This matter coming to be heard for hearing on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Use & Occupancy[,] Plaintiff's counsel and Defendant's counsel appearing via Zoom and the Court being fully advised on the premises *** Defendant's Motion for Summary Judgment is denied."

¶ 9 The circuit court granted the landlord's motion to voluntarily dismiss without prejudice on December 5, 2024. The landlord did not file a notice of motion before the court date. The dismissal order read only, "This matter coming to be heard for discovery status, Plaintiff's counsel appearing via Zoom and the Court being fully advised on the premises[,] *** [t]his matter is voluntarily dismissed without prejudice."

¶ 10    Following the dismissal, Craig filed a notice of appeal on December 10, 2024, which he amended the next day.

¶ 11                                JURISDICTION

¶ 12    The circuit court granted the landlord's motion to dismiss on December 5, 2024, and Craig filed his notice of appeal on December 10, 2024, giving this court jurisdiction under article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

¶ 13                                ANALYSIS

¶ 14    On appeal, Craig raises three issues: (1) the circuit court erred by denying his motion for summary judgment; (2) the court erred by voluntarily dismissing the matter without requiring that the landlord provide notice of the motion to dismiss and pay Craig's costs; and (3) he should be awarded attorney's fees as the "prevailing party."

¶ 15    We begin with Craig's summary judgment claim. In *In re Estate of Funk*, 221 Ill. 2d 30 (2006), our supreme court found that "the denial of summary judgment is not appealable". *Id* at 85.  Orders denying summary judgment are interlocutory in nature. *Id*. Therefore, without a 304(a) finding, we have no jurisdiction to review the circuit court's denial of summary judgment. *Twardowski v. Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001)

¶ 16    Craig next argues the circuit court should not have permitted voluntary dismissal without prejudice because the prerequisites of Section 2-1009 were not met. In relevant part, Section 2-1009 reads, "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2-1009(a) (West 2022). The court generally lacks discretion to deny a motion to voluntarily

dismiss without prejudice, provided the notice and costs requirements are met. *In re Nancy A.*, 344 Ill. App. 3d 540, 551 (2003); *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 267 (2002).

¶ 17    The landlord first responds that Craig waived this argument by not filing a motion challenging the voluntary dismissal without prejudice below, and instead immediately filing his notice of appeal. The record shows that Craig did not file any motion following the entry of the dismissal order, and as undisputed in the briefing, failed to appear in court on December 5, 2024. Generally, a party must raise an issue in the circuit court before raising it on appeal, and any issue not first raised below will not be considered on appeal. *Kopf v. Kelly*, 2024 IL 127464, ¶ 77. We decline, however, to find that Craig waived his Section 2-1009-based objection insofar as he generally raises the issues of the statutory notice and costs requirements. The plain language of the statute requires that these two conditions be met before a circuit court may grant voluntary dismissal without prejudice, and it is clear from the face of the record (even without a motion to vacate below) that neither prerequisite was met here. 735 ILCS 5/2-1009(a) (West 2022). Furthermore, waiver and forfeiture are limitations on the parties, not this court, and the record and Craig's notice of appeal are sufficiently clear to present the issues of notice and costs. See *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 94.

¶ 18    Turning to the two requirements of Section 2-1009, we first note that in previous instances where Illinois courts have analyzed whether to reverse a grant of voluntary dismissal without prejudice because the notice and/or costs provisions were arguably not met, these courts have declined to reverse unless the defendant can demonstrate prejudice. See *Mizell v. Passo*, 147 Ill. 2d 420, 428-29 (1992); *Valdovinos*, 328 Ill. App. 3d at 267-68.

¶ 19    With this requirement in mind, we first find that Craig's lack of notice argument does not constitute a basis for reversal because there is no prejudice to Craig apparent from the face of the record, and Craig provides no explanation as to how he was prejudiced in his briefing. We will not supply such argument on Craig's behalf. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Chicago Sun-Times v. Cook County Health and Hospital System*, 2022 IL 127519, ¶ 55. Accordingly, we decline to alter the circuit court's voluntary dismissal without prejudice based on lack of notice.

¶ 20    Next, regarding costs, the record is similarly clear that the circuit court did not award Craig his costs in the dismissal order, and the parties do not dispute in the briefing that no costs were paid. This is a circuit court error, as voluntary dismissal without prejudice is only granted "upon payment of costs" per Section 2-1009.[1] See *Valdovinos*, 328 Ill. App. 3d at 267. Moreover, there is no question Craig suffered the specific prejudice of not receiving his costs due to this error. Therefore, we remand only for the circuit court to conduct a hearing on the appropriate costs the landlord owes Craig, and for entry of a corresponding order following that limited hearing. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994).

¶ 21    Finally, Craig argues the circuit court should have awarded him attorney's fees because he was the "prevailing party" in the litigation, and the Lease provided any "prevailing party" in litigation was entitled to fees. In so arguing, he contends that Illinois law currently maintains that when a plaintiff voluntarily dismisses a case without prejudice, the defendant is not considered a "prevailing party", but this court should change this law. Craig cites *1002 E. 87th Street LLC v. Midway Broadcasting Corp.*, 2018 IL App (1st) 171691, ¶ 36, for this purported rule.

---

[1] The landlord filed a motion to strike certain pages from the record containing an affidavit Craig filed after his notice of appeal stating the landlord did not pay his costs. We deny the motion as moot, as the content of the affidavit has no bearing on our decision; the record is clear, apart from the affidavit, that no costs were paid, and the landlord does not contend otherwise.

¶ 22    We cannot grant Craig any relief on this argument because this issue is not properly before the court. Craig once again did not raise this argument below, and this is not a circumstance where it would be appropriate to excuse this omission. *Kelly*, 2024 IL 127464, ¶ 77. Whether a party is a "prevailing party," and thus potentially entitled to attorney's fees, is an issue within the discretion of a circuit court that we review for abuse of that discretion. *Tanna Farms, L.L.C. v. Golfvisions Management, Inc.*, 2018 IL App (2d) 170904, ¶¶ 11-12. Craig never gave the circuit court the chance to exercise its discretion on this issue, leaving nothing for this court to review.

¶ 23                                    CONCLUSION

¶ 24    We affirm the circuit court's order permitting the landlord to voluntarily dismiss the matter without prejudice, and remand for the specific purpose of determining Craig's costs per the requirements of Section 2-1009.

¶ 25    Affirmed in part; remanded with instructions.